## Will Wilman v. The State.

### No. 1375. Decided November 15, 1911.

**1.—Aggravated Assault—Continuance—Age of Party Injured—First Application.**

Where defendant's motion for continuance expected to show that the boy assaulted was over fourteen years of age, the same should have been allowed, although the evidence was cumulative, it being the first application.

**2.—Same—Charge of Court—Weight of Evidence—Moderate Punishment.**

Where the court's charge trenched closely upon the rule prohibiting a charge upon the weight of evidence, in submitting the issue of moderate punishment, upon an assault on a child, the same was improper.

**3.—Same—Age of Party Injured—Reasonable Doubt.**

Where, upon trial of aggravated assault on a boy under fourteen years of age, the defendant requested a special charge that, if there was a reasonable doubt as to such age to acquit, the same should have been given.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunagen.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Newman Phillips,* for appellant.—On question of continuance: Day v. State, 62 Texas Crim. Rep., 448, 138 S. W. Rep., 130; Mitchell v. State, 36 Texas Crim. Rep., 278; Hammond v. State, 28 Texas Crim. App., 413.

Upon the court's charge on punishment of child: Coleman v. State, 21 Texas Crim. App., 520; Willis v. State, 24 Texas Crim. App., 487.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with an aggravated assault upon Charlie Darden. The means of aggravation is that appellant is an adult and Darden is a child.

Appellant used due and timely diligence to procure the attendance of Mrs. Darden, the mother of the alleged assaulted party. By the absent witness appellant expected to prove, in addition to the facts adduced, that she was the mother of the boy, and that she had turned the boy over to him and asked him to take charge of him

as a friend and as a qualified guardian of her child. It is shown she was a widow and unable to support the boy, or at least had difficulty in doing so, and that the boy was seeking work for himself in order to relieve the situation, and had secured a home and employment with appellant. That the mother of the boy had requested appellant to take charge of him, and treat him practically as if he was part of his family, etc. He further expected to prove by Mrs. Darden that the boy was over fourteen years of age. This was a very material question in the case. The information charges he was a child which, under our decisions, would require evidence showing that he was under fourteen years of age. Appellant would have a right to meet this allegation, and show that the boy was over fourteen years of age. If he was over fourteen years of age, then under the pleadings appellant would not be subject to punishment for a higher offense than simple assault. There are no allegations of serious injury, or deadly weapons, but the allegation is confined exclusively to the fact that the boy was a child.

The evidence in the record is from the assaulted party on this question. He says that his mother told him that he was under fourteen years of age, but his sister always told him he was fifteen years of age; that his mother and sister did not agree upon that part of the family history. The allegation in the application for continuance is that appellant expected the boy's mother to swear, on the stand, that the boy was over fourteen years of age, as a matter of fact. This being one of the most material questions in the case, appellant had a legal right to have such testimony as he could get to meet this statement. It was a first continuance, and the diligence was all that could be required. The affidavit was filed on the 27th of May, and the information on the same day. The application for continuance was filed on the first of June, only four days after the filing of the pleadings in the case. The charge of the court was filed on the first day of June, and the judgment was entered on the first day of June. Appellant was arrested on the 28th day of May; subpoena issued on the 29th of May, and was mailed to the proper sheriff for execution, requiring the witness to appear before the court on June 1. It is further alleged there had not been sufficient time for the process to be returned, or for the witness to reach the court. This trial occurred in Delta County, and the witness is alleged to have resided in Kaufman County. This being the first application, the rule with regard to cumulative evidence does not apply.

There are some matters suggested for revision by bills of exception and motion for new trial in regard to the charge. The court charged the jury that if they should believe that at the time of the alleged offense Charlie Darden was making his home with appellant, and that the mother of said Charlie Darden requested defendant to manage and control Charlie, and that if they should find further

that the punishment administered to Charlie was done in a moderate way and not excessive, in that event he would not be guilty; but on the other hand, if the punishment was excessive and cruel, etc., they would find him guilty. This charge seems to almost, if not quite, trench upon the rule prohibiting charges upon the weight of evidence. It is not necessary that the jury should believe as an affirmative fact the matter set out in order to acquit him. If there was a reasonable doubt about these matters appellant was entitled to an acquittal. On the other hand, the jury would have to believe beyond a reasonable doubt that the punishment was not such as was authorized in a moderate way in order to convict. We call attention to this so upon another trial these matters in the charge will not be left in this condition.

The court failed to charge, and appellant requested a special charge to the effect, that if there was a reasonable doubt as to whether or not the boy was over fourteen years of age, he would be entitled to the benefit of the doubt and consequent verdict of not guilty. The only evidence in the record, as before stated, was from the alleged assaulted party, to the effect that his mother fixed his age as under fourteen years while his sister told him he was over fifteen years of age. The statements of this witness as to what his mother and sister told him was all the evidence in the case in regard to the matter. Under this testimony the charge requested by appellant should have been given. The authorities in this State hold that the word "child" under our statute, in reference to aggravated assault, applies only to boys under the age of fourteen, and girls under the age of twelve. Bell v. State, 18 Texas Crim. App., 53; McGregor v. State, 4 Texas Crim. App., 599; Allen v. State, 7 Texas Crim. App., 298. While the matters mentioned in regard to the charge of the court, and the refusal of the special requested instructions are not sufficiently presented to require consideration, inasmuch as they do not specify the grounds of objection, still we call attention to the fact in order that upon another trial the law should be applied to the facts of the case, and this is done because we are reversing the judgment upon the failure of the court to continue the cause. These matters may save trouble upon another appeal in case of conviction, and appellant sees proper to appeal.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*