Joseph Howard WINGATE, Appellant,

v.

The STATE of Texas, Appellee.

No. 37148.

Court of Criminal Appeals of Texas.

Nov. 4, 1964.

Aubrey H. Poole, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Ruben Hope, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted in the Corporation Court of the City of Houston upon a complaint charging the offense of negligent collision, and assessed a fine of $50. In an appeal to the County Criminal Court at Law No. 2 of Harris County, upon a trial de novo, he was again convicted and assessed a fine of $200. From the latter conviction he prosecutes this appeal.

By stipulation of the parties it is shown that the prosecution and conviction are under a certain ordinance of the City of Houston, which provides that if any driver or operator of a vehicle on any public street within the corporate limits of the city shall with negligence collide or cause damage to any other vehicle, he shall be deemed guilty of the offense of negligent collision and be punished by a fine of not less than five dollars ($5) nor more than two hundred dollars ($200). The term "negligence" is defined in the ordinance as "the failure to use that degree of care that a reasonable and prudent person would use under the same and similar circumstances."

The complaint charged that the appellant, while operating a motor vehicle upon a public street in the city of Houston, did with negligence collide with and cause damage to another vehicle.

Four separate acts of negligence by appellant were alleged as having caused damage to the other vehicle.

Three of the alleged acts of negligence, #1, 2, and 4, were submitted to the jury, which acts, as alleged in the complaint, were as follows:

"1. The said Defendant did then and there fail to guide said motor vehicle driven by him away from said other motor vehicle, as a person of ordinary prudence would have done under like circumstances; and

"2. The said Defendant did fail to keep a proper lookout for said other motor vehicle, which was then and there on said public street, and with which said Defendant could have seen in time to avoid colliding, had said Defendant been looking in the direction in which he was going; and

\* \* \* \* \* \*

"4. The said Defendant did not then and there have said motor vehicle, which he was driving, under proper control by reason that said Defendant failed to apply his brakes with sufficient force to stop the vehicle driven by him before colliding with said other vehicle."

Appellant moved to quash the complaint on the grounds (1) that it was multifarious and did not allege with reasonable certainty the act or acts relied upon to constitute negligence, and (2) such complaint was predicated upon an unconstitutional ordinance in that it authorized conviction for ordinary negligence.

While the court's action in overruling the motion to quash is not properly

before us for review in the absence of an exception by appellant to the court's ruling, we observe that in the recent case of Payne v. State, Tex.Cr.App., 374 S.W.2d 235, similar allegations were held to charge with reasonable certainty the acts relied upon to constitute negligence, as required by Art. 408a, Vernon's Ann.C.C.P., and to not charge separate offenses but to merely allege several ways of committing the one offense charged.

■ In the case of Ex parte Mooney, 106 Tex.Cr.R. 156, 291 S.W. 246, a similar ordinance of the city of San Antonio making negligent collision a misdemeanor offense, which ordinance defined negligence as " 'the want of ordinary care and caution as a person of ordinary prudence would use under like circumstances,' " was upheld by this court. See, also, Ex parte Wilson, Tex.Cr. App., 374 S.W.2d 892, where this same ordinance of the City of Houston, making penal the act of negligent collision, was upheld as against the contention that it was in conflict with Art. 827a, Sec. 8, subsection (1) (a), Vernon's Ann.P.C., since repealed by the enactment of Art. 6701d, Art. XIX, Sec. 166(b), Vernon's Ann.Civ.St.

We overrule appellant's contention that the ordinance in question is invalid.

■ Briefly, the evidence shows that on the date alleged, the appellant, while driving his automobile upon a public street in the city of Houston, was involved in a collision with another automobile being driven by the state's witness Robert Macek. The collision occurred at the intersection of New Castle and Staunton Streets. Appellant was traveling east on Staunton, and the state's witness Macek was traveling south on New Castle. Riding with appellant in his automobile at the time of the collision was the witness Ethel Cook and riding with the state's witness was his wife.

At the trial, Mr. and Mrs. Macek testified that their automobile was the first vehicle to enter the intersection before the collision and that appellant did not apply his brakes.

Appellant and his companion, Mrs. Cook, testified that his automobile first entered the intersection and that he did apply the brakes on his vehicle before the collision.

The jury resolved the conflict in the testimony against the appellant, and we find the evidence sufficient to support their verdict.

Complaint is made by appellant to certain rulings of the court on the admission and rejection of testimony.

■ It is first contended that the court erred in permitting the prosecuting witness Robert Macek to testify that appellant's companion, Mrs. Cook, was intoxicated at the scene of the collision.

We find no error in the court's ruling, as such testimony with reference to the companion's sobriety was admissible as a part of the res gestae. McClain v. State, Tex. Cr.App., 372 S.W.2d 341.

■ It is also insisted that the court erred in admitting evidence over appellant's objection that he had been previously convicted of a misdemeanor offense.

The record reflects that on his re-cross-examination by state's counsel, appellant was asked whether he had paid a fine on September 10, 1963, for driving without a license. Appellant's general objection was overruled; however, the question was not answered. Thereafter, the appellant was asked: "You are the same man who paid a fine of fifteen dollars ($15.00) at the City of Houston for driving without a license,?" to which question appellant made no objection and answered "Yes sir."

The testimony being before the court without objection, appellant is in no position to complain on appeal. Freeman v. State, 172 Tex.Cr.R. 389, 357 S.W.2d 757.

■ The trial court's refusal to call the prosecuting attorney as a witness for the purpose of being questioned by appellant's counsel "about the legal ethics and what he is supposed to do as a prosecuting attorney"

is to be commended and clearly does not reflect error.

We have carefully reviewed the court's charge in the light of appellant's objections thereto and find no reversible error.

■■ The court's refusal to give appellant's requested charges on apparent danger of causing injury, in a prosecution of this nature, was not error. Nor was there any error in refusing appellant's request that the word "wanton" be inserted in the charge before the words "negligent" [sic] and "negligence," as appellant's guilt under the ordinance was not dependent upon a finding that his acts were wanton or wilful but upon a finding that he was guilty of ordinary negligence.

The judgment is affirmed.

Opinion approved by the Court.