Ronald Jordan **MERX**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42577.

Court of Criminal Appeals of Texas.

Jan. 14, 1970.

Rehearing Denied March 11, 1970.

Charles W. Tessmer, Dallas, for appellant on appeal.

Henry Wade, Dist. Atty., and John Vance, Curtis Glover, John B. Tolle, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

MORRISON, Judge.

## OPINION

The offense is murder; the punishment, 25 years.

Appellant's first ground of error relates to the cross-examination of appellant. It is contended he was improperly impeached by proof of offenses not resulting in convictions and by offenses other than felonies or misdemeanors involving moral turpitude. See Article 38.29, Vernon's Ann.C.C.P.; Stephens v. State, Tex. Cr.App., 417 S.W.2d 286. We agree, but cannot conclude the error was properly preserved on appeal. It is axiomatic that an objection must be timely made for error to be preserved.

The prosecutor commenced his cross-examination by asking the appellant if he had been arrested on three different occasions, and he replied in the affirmative. It was not until the fourth question about an arrest that an objection was interposed. Such objection did not direct the court's attention to a claim of improper impeachment, but merely protested the failure to follow the arrests with evidence of convictions. This the State promised to do. Appellant's counsel then stated:

"Your Honor, we simply asked * * *. We simply asked if he states he was arrested, what was the outcome."

This was followed by four additional questions about arrests to which appellant replied either in the affirmative or "I don't recall."

The fifth question was met with this objection:

"MR. HOUGHTON: Your Honor, we object. Will the prosecution please tie the arrest to the court's setting. * * * I think the defendant is entitled * * * the arrests have come out. * * * to take the arrests to whatever conclusion they came."

"MR. VANCE: * * * Since he has opened it up, I am entitled to go through every arrest of this man as an adult."

Thereafter the State inquired about three convictions resulting from the arrests previously shown.

On direct examination appellant's counsel inquired into each arrest, and conviction the State had asked about, and had the appellant relate the facts surrounding the arrest and outcome of each case.

While we do not necessarily agree with the prosecutor that the appellant had "opened up" this line of inquiry[1] by his direct examination, much of the complained of evidence was admitted without objection. The objections made did not clearly call the trial court's attention to the correct rule of law applicable, and appeared to indicate to the court that there was no objection to "opening the record."

Further, we observe that subsequent to the complained of testimony appellant inquired into the same subject matter himself. See Coleman v. State, Tex.Cr.App., 442 S.W.2d 338.[2]

■ We perceive no reversible error. It has long been the rule that improper admission of evidence does not constitute reversible error if the same facts were shown by facts not objected to. 5 Tex. Jur.2d Sec. 446, p. 704, and cases there cited. See Lewis v. State, Tex.Cr.App., 438 S.W. 2d 816; East v. State, Tex.Cr.App., 420 S. W.2d 414.

In Wingate v. State, Tex.Cr.App., 383 S.W.2d 601, the defendant was improperly impeached when the State inquired about a misdemeanor conviction which did not involve moral turpitude. There was no objection. The judgment was affirmed.

Ground of error #1 is overruled.

■ Appellant's next ground of error is that appellant's two retained attorneys at his trial were incompetent. In Garcia v. State, Tex.Cr.App., 436 S.W.2d 911, we held that the right to counsel does not mean errorless counsel, and counsel is not to be judged ineffective by hindsight. While it is true that some counsel would have preserved the error set forth in his first ground, we cannot judge all counsel by the excellence of the counsel on appeal.

■ His last ground of error is the court committed fundamental error in abstractly charging on murder without malice and failing to apply the law to the facts. There was no objection to the charge or a special requested charge in accordance with Articles 36.14 and 36.15, V.A.C.C.P. We cannot agree that the court's action "was calculated to injure the rights of" the appellant or deprived him of "a fair and impartial trial." Article 36.19, V.A.C.C.P. The State vigorously contends the issue

1. On direct examination the following transpired:
   "Q. Now, you have been in some trouble yourself, haven't you?
   A. Yes.
   Q. All right. Did you ever plead guilty to a charge of theft over $50.00?
   A. Yes.
   Q. Would you tell us the facts of that?"
   The State's objection thereto was sustained and appellant was permitted only to testify that he had been convicted in 1962 for felony theft, received probation which he had successfully completed and that he had no other felony convictions.
   The State later withdrew their objection, but at this point the State made clear its position that the appellant had opened the door to all his past criminal activities. To which appellant's counsel stated:
   "We seek to give the jury the facts about this case and about this man *and about his past* so that they may judge him. Sir, to stop us now when we have voluntarily come forward and placed the question in evidence, sir, is to deny him of his right." (Emphasis supplied.)
   The question "Now you have been in some trouble yourself?" followed by the explanation he had only one felony conviction is a far cry from a blanket assertion of exemplary conduct which the State may refute. See Orozco v. State, (164 Tex.Cr.R. 630), 301 S.W.2d 634 and cases there cited. Stephens v. State, supra.

2. See also general rules discussed in Phillips v. State, 166 Tex.Cr.R. 206, 312 S.W.2d 644.

was not supported by the evidence. Appellant's defense was that he struck at a man who was approaching him in a threatening manner, and his pistol accidentally discharged. The court charged on self-defense and accident, and applied the law to the facts as to both defenses.

Ground of error #3 is overruled.

Finding no reversible error, the judgment is affirmed.

WOODLEY, P. J., concurs in the result.