**Eunice Faye NABORS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 48030, 48031.**

Court of Criminal Appeals of Texas.

April 17, 1974.

Rehearing Denied May 8, 1974.

Tom A. Boardman, Dallas, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offenses are the intentional infliction of physical injury on a child 14 years of age or younger in violation of Article 1148a,[1] Vernon's Ann.P.C.: the punishment, four years in each case. No order of cumulation appears in the record.

Said Article reads as follows:

"Section 1. (a) No person or parent of a child may intentionally maim, disfigure, or batter a child who is 14 years of age or younger or engage in conduct which by omission or commission is intended to cause physical injury to, or deformity or deficiency in, a child who is 14 years of age or younger.

(b) Any person who violates Subsection (a) of this section is guilty of a felony and upon conviction is punishable by imprisonment in the State penitentiary for a period of not less than two years nor more than five years.

(c) It shall be a defense to prosecution under this section if the act complained of was done in the exercise of the right of moderate restraint or correction given by law to the parent over the child, the guardian over the ward, the master over the apprentice, the teacher over the scholar."

Appellant's first ground of error attacks the constitutionality of Article 1148a, supra, on the ground that it is vague because it is lacking in ascertainable standards so that a person of ordinary intelligence is not given fair notice that his contemplated conduct is forbidden. Specifically, appellant complains that the statute does not adequately define what constitutes "moderate restraint or correction."

The phrase in question "moderate restraint or correction" has been a part of the law of this State since sometime prior to 1882 (Snowden v. State, 12 Tex.App. 105), and our research has failed to reveal any prior attack upon the constitutionality of the same.

In 44 Tex.Jur.2d, Sec. 17, p. 43, we find the following:

"The law has not and obviously could not lay down any fixed measure of moderation in the correction of a child. Whether in any · particular case the

---

1. We note that Article 1148a, supra, has been repealed and replaced by Article 22.04 of the new Penal Code, effective January 1, 1974.

correction was moderate or excessive must necessarily depend on the age, sex, condition, and disposition of the child, and on all the attending circumstances to be determined by the jury under proper instructions." Cf. Stanfield v. State, 43 Tex. 167 (1875). We conclude that the statute is not unconstitutional for the reason assigned.

 By his ground of error number two, appellant seeks to complain of seven separate examples of improper conduct of the prosecutor. Recently in Kendrick v. State, 481 S.W.2d 877, we said:

"These several alleged grounds of error are not 'set forth separately' as required by Article 40.09 § 9, V.A.C.C.P.; there is, therefore, not a proper ground of error for our consideration."

As in Kendrick, we have examined the conduct complained of, and conclude that if properly before us it would not constitute reversible error.

Finding no reversible error, the judgments are affirmed.