Joe PHILLIPS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 56071.

Court of Criminal Appeals of Texas, En Banc.

Oct. 24, 1979.

Steve Robertson, Clifton, F. T. Gauen, Jr., Dallas, for appellant.

Bobby L. Cummings, Dist. Atty., Gatesville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

On original submission of this cause, the conviction for the offense of injury to a child was set aside for the reason that a child fourteen years, one month and five days old is not a child who is "fourteen years of age or younger" protected by V.T. C.A. Penal Code, Sec. 22.04. On rehearing, the State asks our reconsideration of the question. This we shall do.

Although the sufficiency of the evidence is not challenged, the record reveals that the appellant was in charge of Indian Springs Boys Ranch, a home for pre-delinquent children. On September 12, 1976, appellant was using at least two of the boys to assist him in blasting a ditch in rock by the use of dynamite when one of them sustained serious bodily injury consisting of

loss of an eye, hand and wrist, abrasions, and lacerations for which he received extensive plastic surgery. At the time of the injury, the victim was fourteen years, one month and five days old.

In two grounds of error, appellant contends that the child was not 14 years of age as contemplated by V.T.C.A. Penal Code, Sec. 22.04(a), since he had passed his fourteenth birthday, and that Sec. 22.04, supra, is constitutionally vague because the standard of care imposed "is not and cannot be defined."

V.T.C.A. Penal Code, Sec. 22.04 reads as follows:

"(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct that causes serious bodily injury . . . to a child who is 14 years of age or younger."

It is important to note that the phrase "14 years of age *or* younger" is written in the disjunctive, thereby making it quite obvious that the statute was intended to protect two distinct groups of children: those who are fourteen years of age *and* those who are under fourteen.

The appellant contends and the Panel on original submission held the phrase "14 years of age" to mean one who has reached his fourteenth birthday, but that thereafter he was over fourteen years of age, even though he had not reached his fifteenth birthday. This interpretation of the statute limits the duration of the protection afforded to fourteen year olds to a period of one day or less. As authority for this conclusion, the Panel opinion cited V.T.C.A. Penal Code, Sec. 1.06, which provides as follows:

"A person attains a specified age on the day of the anniversary of his birthdate."

This statute was obviously an intent on the part of the Legislature to abolish the old common law rule that a person attains a given age at the last moment of the day preceding the anniversary of birth, not as a limitation on the period of time one remains at a given age.

Sec. 22.04, supra, in protecting a child "14 years of age or younger," is the only statute in the Penal Code using this phraseology. There are, however, ten statutes in the Penal Code where the term "younger than" a certain age is used.[1] Had the Legislature intended to protect only those children under fourteen years of age, it would have been a simple matter for them to have so provided by the use of a phrase "younger than." To say that the Legislature deviated from the use of the phrase "younger than ____ years of age" used in the other statutes in Sec. 22.04, supra, so as to include a class of people who were injured only on their birthdate does not make sense. Sec. 1.06 does not lend itself to such interpretation.

We hold that Sec. 22.04(a) includes in its protection all children who have not attained their fifteenth birthday, and that the victim in this case was thus protected.

In his second ground of error, appellant contends that Sec. 22.04 is unconstitutionally vague because the standard of care imposed upon a defendant is not, and cannot be defined. Appellant goes further to claim that under the terms of Sec. 22.04, supra, he "cannot determine what acts or omissions are to be refrained from or what acts a person has a duty to do."

The indictment in the instant case provided, eliminating the formal parts, that the appellant, on the 12th day of September, 1977,

"did then and there with criminal negligence engage in conduct, to wit: allowing boys under his supervision to use dynamite for blasting rocks in a ditch at Indian Springs Boys Ranch, that caused serious bodily injury to Lacy Jordan, a child 14 years of age."

---

1. See Penal Code Sec. 8.07, Age Affecting Criminal Responsibility; Sec. 9.61 Parent-Child; Sec. 20.01 Kidnapping; Sec. 21.09 Rape of a Child; Sec. 21.10 Sexual Abuse of a Child; Sec. 21.11 Indecency with a Child; Sec. 25.03 Interference with Child Custody; Sec. 25.05 Criminal Non-Support; and Sec. 43.24 Sale, Distribution, or Display of Harmful Material to Minor.

Sec. 22.04, supra, provides four culpable mental states on which a prosecution may rest: "A person commits an offense if he *intentionally, knowingly, recklessly,* or with *criminal negligence,* by act or omission, engages in conduct . . . ."

Appellant in this case was charged with criminal negligence which is defined in V.T.C.A. Penal Code, Sec. 6.03 as follows:

"(d) A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

Appellant's contention that this statute is unconstitutionally vague for its failure to define the standard of care is without merit.

In *Wingate v. State,* 383 S.W.2d 601 (Tex.Cr.App.1964), this Court upheld an ordinance of negligent collision, wherein "negligence" was defined as " 'the failure to use that degree of care that a reasonable and prudent person would use under the same and similar circumstances.' " This ordinance, in which simple negligence constituted an offense, was upheld as charging with reasonable certainty the acts relied upon to constitute an offense.

In *Lewis v. State,* 529 S.W.2d 550 (Tex.Cr.App.1975), we were confronted with a challenge to the constitutionality of our criminally negligent homicide statute, V.T.C.A. Penal Code, Sec. 19.07. The statute, in which causing the death of an individual by criminal negligence as defined in V.T.C.A. Penal Code, Sec. 6.03(d) was proscribed, was challenged as being vague and uncertain. We overruled the defendant's contentions, holding that the statute was not so vague and uncertain as to be unconstitutional and unenforceable.

In *Nabors v. State,* 508 S.W.2d 650 (Tex.Cr.App.1974), the defendant challenged the constitutionality of a statute under the old Penal Code which was similar to the present V.T.C.A. Penal Code, Section 22.04. However, that statute provided a defense to prosecution for injury to a child:

"[i]f the act complained of was done in the exercise of the right of moderate restraint or correction given by law to the parent over the child . . . ."

The defendant claimed that this statute was "vague because it is lacking in ascertainable standards so that a person of ordinary intelligence is not given fair notice that his contemplated conduct is forbidden." In holding that this portion of the statute was not unconstitutional, we quoted 44 Tex.Jur.2d, Sec. 17, p. 43:

"The law has not and obviously could not lay claim any fixed measure of moderation in the correction of a child. Whether in any particular case the correction was moderate or excessive must necessarily depend on the age, sex, condition and disposition of the child, and on all the attending circumstances to be determined by the jury under proper instructions."

Likewise, the law could not possibly anticipate every instance where an individual's conduct would constitute "a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances . . . ." Whether an actor's conduct constitutes a gross deviation from the standard of care which would be exercised by an ordinary person in the same circumstances constitutes a question of fact to be resolved by the fact finder after proper instructions. We conclude that the definition of criminal negligence as contained in V.T.C.A. Penal Code, Section 6.03(d), supra, adequately describes the prohibited conduct and gives proper notice of the conduct forbidden. See *Dockery v. State,* 542 S.W.2d 644 (Tex.Cr.App.1975) (evidence held sufficient to show that the defendant's conduct constituted a gross deviation from the standard of care). This ground of error is overruled.

■ The judgment and sentence in the instant cause are reformed to reflect that appellant was found guilty of "Injury to a Child," rather than "Criminal Negligence."

The State's Motion for Rehearing is granted, and the judgment is affirmed.

ODOM, Judge dissenting.

I dissent to the majority's disposition of appellant's second ground of error. The majority erroneously construe the phrase "14 years of age or younger" in Sec. 22.04, V.T.C.A. Penal Code, to refer to "two distinct groups of children." The result is that the phrase is held to be equivalent in scope to the phrase "younger than 15 years." The majority opinion does point out that the Penal Code in at least ten instances does use the terminology of "younger than" a certain age. See, e. g., the provisions listed in footnote 1 of the majority opinion. To borrow a proposition that is sound, although misapplied by the majority: Had the Legislature intended to protect all children under *fifteen* years of age, it would have been a simple matter for them to have so provided by the use of the phrase "younger than." The fact that such language was not used in Sec. 22.04, supra, coupled with the fact that such language is used as a standard form of terminology in numerous other provisions of the same Act, is strong evidence of legislative intent that "14 years of age or younger" has a meaning

distinct from, not equivalent to, "younger than 15 years."

To the majority's erroneous construction of Sec. 22.04, supra, I respectfully dissent.

ROBERTS and PHILLIPS, JJ., join this opinion.

CLINTON, Judge, dissenting.

I also dissent. While I do not particularly disagree with the views expressed by Judge Odom in his dissenting opinion, rather than enter into the squabble about the meaning and applicability of V.T.C.A. Penal Code, *Section 1.06*[1] and what the Legislature could have said but did not, it is enough for me that before there was a guiding statute relative to mistreatment of males this Court held that the word "child" applied "only to boys under the age of 14"[2] and, when the Legislature did address the subject, it indicated agreement, albeit obliquely.[3]

The perplexity nagging the majority— the singular phraseology of Section 22.04— is resolved by the result of first application of the common acceptation rule to this problem in *Bell v. State*, 18 Tex.App. 53 (1885). But the best technical justification for it is that, unlike every statutory provision cited in note 1 of the majority opinion, the genesis of Section 22.04 is *not* the 1970 proposed revision of the Penal Code.[4] Thus Article 1148a, Penal Code 1925, as amended,

1. Section 1.06 really just changes by one day the common law rule that a person attains a given age at the first moment of the day *preceding* the anniversary of birth, 86 C.J.S. 832; apparently that rule, early approved in *Ross v. Morrow*, 85 Tex. 172, 19 S.W. 1090 (1892) and thereafter reaffirmed in *Pate v. Thompson*, 179 S.W.2d 355 (Tex.Civ.App.—Waco 1944, writ refused), still applies in the civil law of this State. (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

2. *Wilman v. State*, 63 Tex.Cr.R. 623, 141 S.W. 110, 111 (Tex.Cr.App.1911): "The authorities in this state hold that the word 'child' under our statute, in reference to aggravated assault, applies only to *boys under the age of 14*. . . (citing authorities going back to *[McGregor v. State,]* 4 Tex.App. 599)."

3. Article 1147, Penal Code 1925 made an assault or battery aggravated when, in subdivision (9), it was committed by an adult male upon the person of a "child," and then provided that the subdivision "shall not apply to the act of person who fondles . . . the sexual parts of a male . . . *under the age of fourteen (14) years* . . . ." See Article 535d, Penal Code 1925 and *Daywood v. State*, 157 Tex.Cr.R. 266, 248 S.W.2d 479 (Tex.Cr. App.1952).

4. See Texas Penal Code, A Proposed Revision, Final Draft, October 1970, West Publishing Co., St. Paul. As the disposition table shows, at that time Article 1148a, Penal Code 1925, as amended, did not exist.

obviously of independent origins,[5] was not subjected to thorough examination for consistency with a proposed revised penal code that received scant attention in the same session of the Legislature.[6]

In these times of earlier maturity of children, at least as seen by most, I perceive no policy reason impelling the Legislature in 1971 or 1973 to depart from the settled understanding of the meaning of "child" as a victim of violence or sexual abuse. And, in my judgment, it did not.

Accordingly, I dissent.

ROBERTS and PHILLIPS, JJ., join.

---

**5.** Actually the phrase "14 years of age or younger" did not originate in the 1973 Penal Code revision. It first appeared in a House committee amendment to Senate Bill 445 that was enacted as Acts 1971, 62nd Leg., ch. 911, § 1 and was codified as Article 1148a, Penal Code 1925. Initially, as introduced and as passed by the Senate, the bill proscribed intentional battering of a child—without definition; the House adopted a committee amendment that inserted the phrase in two places following the word "child," thusly: "a child who is 14 years of age or younger," 1971 House Journal 3481; the Senate concurred in the amendment, 1971 Senate Journal 1326. Section 2 of the same bill amended subdivision (9) of Article 1147, supra, to limit an aggravated assault to one committed "by an adult male upon the person of a female," thereby deleting the special category of "child" as a victim of aggravated assault, except as to fondling etc. The result was that a regular aggravated assault on anyone committed by other prescribed means was punishable by provisions of Article 1148, Penal Code 1925—a maximum of two years confinement and a thousand dollar fine— whereas an assault that constituted child battering, as denounced by newly enacted Article 1148a, supra, was punishable by confinement for a maximum of five years. As thus reviewed and analyzed the essential purposes of Senate Bill 445, as I see them, were to regard a child like any other person as a victim of aggravated assault—retaining, however, a special distinction for cases of sexual abuse of a child under the age of fourteen years—but to provide additional protection from the more serious assaultive offense of inflicting serious physical injury on a child, rather than to add 365 days to the settled application of the age of a "child."

In this connection my view seems supported by the Practice Commentary following § 22.04, which states:

"The section restores prior Article 1148a, enacted in 1971, but substantially increases the penalty of that former offense. * * * 'Child' was defined by the courts as a male *younger* than 14 and female *younger* than 12, e. g., *Wilman v. State,* [63 Tex. Cr.R. 623,] 141 S.W. 110 (Cr.App.1911). *Section 22.04 standardizes the definition for both sexes at age 14* . . . "

**6.** As noted in Introduction to 1973 Revision, Texas Penal Code, the draft that was introduced in 1971 "was not acted on by either house," 1 V.T.C.A. Penal Code vii.