**James Frederick PHILLIPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–87–188–CR.**

Court of Appeals of Texas,
Austin.

June 29, 1988.

Noel R. Cain, Belton, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, BRADY and CARROLL, JJ.

PER CURIAM.

A jury found appellant guilty of injury to an elderly individual. Tex.Pen.Code Ann. § 22.04(a)(1) (Supp.1988). The trial court assessed punishment at imprisonment for eight years. We will affirm the judgment.

The evidence showed that appellant, a Viet Nam veteran and resident of the Tutor Farm Residential Facility in Bell County, severely beat another Farm resident, 65–year–old Johnny D. Hicks.

In his first point of error, appellant complains that the trial court erred in over-

ruling one of his objections to the jury charge. Appellant contends that the charge as submitted improperly permitted the jury to convict him for a "conduct" rather than a "result" offense, citing *Alvarado v. State*, 704 S.W.2d 36 (Tex.Cr.App. 1985) and *Beggs v. State*, 597 S.W.2d 375 (Tex.Cr.App.1980).

The charge submitted provided, in relevant part:

## II.

The use of the phrase "intentionally and knowingly engage in conduct that caused serious bodily injury" should be taken to mean and is an allegation that it was the Defendant's conscious objective or desire to cause serious bodily injury and that the Defendant was aware that his conduct was reasonably certain to cause serious bodily injury.

## III.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

## IV.

Now if you find from the evidence beyond a reasonable doubt that on or about the 1st day of February, 1987, in Bell County, Texas, the defendant, James Frederick Phillips, did then and there intentionally or knowingly engage in conduct which then and there caused serious bodily injury to Johnny D. Hicks, to-wit: by then and there hitting the said Johnny D. Hicks with his fist and kicking the said Johnny D. Hicks with his feet, and that Johnny D. Hicks was then and there an elderly individual older than sixty-five years of age, then you will find the defendant guilty of intentionally or knowingly causing serious bodily injury to an elderly individual.

It is appellant's contention that although the definitions contained in sections II and III of the charge were correct, the application paragraph, section IV, failed to carry these definitions forward and that this inconsistency necessarily misled the jury and allowed them to improperly convict him for intentionally or knowingly engaging in *conduct* which caused serious bodily injury.

In *Alvarado* and *Beggs*, the Court of Criminal Appeals held that § 22.04 was a "specific result" crime. That is, the culpable mental state relates not to the defendant's conduct but to the result of that conduct. The court further held in *Alvarado* that this distinction must be reflected in the definitional portion of the charge upon proper request. *See also Kelly v. State*, 748 S.W.2d 236 (Tex.Cr.App.1988).

The definitions of "intentional" and "knowing" in the definitional section of the instant charge indisputably meet the requirements of *Alvarado*. This definitional section went even further: correctly explicating the meaning of the phrase "intentionally and knowingly engage in conduct that caused serious bodily injury," the phrase, verbatim, used in the application paragraph. We find that the charge, when read as a whole, correctly apprised the jurors that they were required to find that appellant intentionally or knowingly caused serious bodily injury to the victim. *See Brown v. State*, 725 S.W.2d 801 (Tex.App. 1987, pet. granted). The first point of error is overruled.

In his second point of error, appellant contends that a material variance exists between the indictment and the State's proof. The indictment alleges that the victim was "*older* than 65," while the proof is that the victim was 65 years and 18 days old on the day of the offense. Appellant's argument is as follows: § 22.04 makes it an offense to cause serious bodily injury to "a child who is 14 years of age or younger or to an individual who is 65 years of age or older." Texas Pen.Code Ann. § 1.06 (1974) provides that "a person attains a specified age on the day of the anniversary of his birthdate." In *Phillips v. State*, 588 S.W.2d 378 (Tex.Cr.App.1979), the Court of Criminal Appeals construed § 22.04 to extend protection to two groups of children: those who are 14 years of age and those who are under 14. The court interpreted

the phrase "14 years of age" to include those children who have *not* attained their fifteenth year. Appellant argues that the statute's protection of elderly individuals "65 years of age or older" likewise covers two distinct groups: those "65 years of age," meaning those who have had a 65th but not a 66th birthday, and those who have had a 66th birthday and are hence "older than 65 years of age." Under appellant's theory, the victim in this case was an elderly person "65 years of age" and not, as alleged in the indictment, an elderly person "older than 65 years of age."

■ We are not persuaded by appellant's analysis for several reasons. Initially we note that a variance must be material and prejudicial to render the evidence insufficient to support a conviction for the offense alleged. *Human v. State,* 749 S.W.2d 832 (Tex.Cr.App.1988); *Hall v. State,* 619 S.W.2d 156 (Tex.Cr.App.1980). *See also Plessinger v. State,* 536 S.W.2d 380 (Tex.Cr.App.1976). In evaluating a variance between the pleading and proof, the dual purposes of the requirement that pleading and proof correspond must be kept in mind, namely, to put an accused on notice as to the charges against him and to enable him to plead the same in bar of further jeopardy for the same alleged acts. *Human v. State, supra; Martin v. State,* 152 Tex.Cr.R. 261, 213 S.W.2d 548 (1948). Thus, in order to establish that an alleged variance is material, prejudicial, and hence fatal, an accused must show surprise or that he was misled to his prejudice by the variance. *Plessinger v. State, supra.*

■ Assuming *arguendo* that the *Phillips* rationale applies, so that the victim here would be an elderly person 65 years of age, and not, as alleged in the indictment, an individual over 65 years of age, appellant still would be unable to show prejudice as a result of the disparity between the pleading and proof because the statutory protection extends to *both* groups: those 65 and those older than 65. The critical element is that the victim be *at least* 65 years old, and the victim here is obviously that. As a result, appellant claims, and can claim, no surprise or handicap in the preparation of his defense to meet the State's allegation.

Nor are we necessarily persuaded that the rationale applied by the court in *Phillips* to construe the phrase "14 years of age or younger" would necessarily apply to the phrase "65 years of age or older," so as to create the variance here argued. Unlike the language applicable to the elderly, the provision applying to children sets an upper limit on the age group that the statute is intended to protect: a child can grow out of the statute's coverage. The effect of the holding in *Phillips* was simply to give the statutory language the widest possible scope, consistent with the perceived statutory intent. By contrast, the only limit upon the statutory protection extended to elderly persons is that they be *at least* 65 years old; there is no ceiling for the statute's coverage for the elderly. Thus, the *Phillips* rationale would not necessarily apply to the statutory language here at issue.

The State was not required to track the statutory language exactly in the indictment, it was merely required to allege an offense within the statute. Tex.Code Cr.P. Ann. art. 21.17 (1966). This it clearly did. We find that to the extent a variance may have existed between the pleading and the proof, it was neither material nor prejudicial. The point of error is overruled.

The judgment is affirmed.