guarjardo.crim 



 TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-94-00694-CR







Juan Guajardo, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0940639, HONORABLE LARRY FULLER, JUDGE PRESIDING







PER CURIAM


 Juan Guajardo, appellant was convicted by a jury of the offense of aggravated
sexual assault of a child. Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex.
Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987
Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). The jury assessed
punishment at seventy-five years' confinement in the Institutional Division of the Texas
Department of Criminal Justice. In a single point of error, appellant complains that the
evidence was legally insufficient to sustain his conviction. We will affirm the judgment of
conviction.



FACTS 

 The indictment alleged that the offense occurred "on or about the 28th day of
November, A.D. 1991, and before the presentment of the indictment." At trial, the complaining
witness testified that she and her younger sister, Mary Alice, spent the night before Thanksgiving
of 1992, at the home of appellant and his wife. The complainant stated that early next morning,
appellant lay down next to her and fondled her breasts. Appellant placed his hand underneath her
clothing and penetrated her vagina with his finger. The complainant further testified that she was
awake during this episode, however she kept her eyes closed because she was afraid of appellant. 
When the complainant arose, she informed her mother and sister of the episode. 

 The mother of the complainant reported the alleged episode to the police in October
of 1993. The police investigator who took the report testified that the complainant and her mother
both alleged that the episode took place on or about Thanksgiving of 1991. Appellant testified
that the complainant spent the night at his home on the eve of Thanksgiving 1991. He further
stated that on the following morning, he did sit on the bed in which the complainant was sleeping. 
However, he denied committing the alleged offense.

 Regarding the date of the alleged offense, the trial court charged the jury as
follows:



V.


[T]he state is not required to prove the exact date alleged in the indictment but may
prove the offense, if any, to have been committed at any time prior to the
presentment of the indictment so long as said offense, if any, occurred within 10
years of the date of the presentment of the indictment; you are further instructed
that the day the indictment was presented and the day of the offense, if any,
occurred, shall not be computed within the 10 year limitation period.


You are further charged as the law in this case that an indictment for Aggravated
Sexual Assault of a Child or for Indecency with a Child by Contact may be
presented within the ten years from the date of the commission of the offense. 


Further, the court took judicial notice that the indictment was presented to the Grand Jury of
Travis County on February 10, 1994. The jury was instructed that it may, but was not required
to, accept any fact judicially noticed as true. Appellant did not object to the jury charge.



ANALYSIS


 In a sole point of error, appellant challenges his conviction by asserting that the
evidence is insufficient to support the jury's finding that he committed the offense as charged in
the indictment, and that a material variance exists between the indictment and jury charge, and
the State's proof. The indictment alleges that the offense was committed "on or about the 28th
day of November, A.D. 1991." The jury charge recites the same date as the date of the offense.
However, the proof offered by the State through the testimony of the complainant and witnesses
to her outcry statement asserts that the offense occurred on or about the eve of Thanksgiving of
1992. 

 The critical inquiry on review of the legal sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). 

 A careful review of the record supports the jury's finding of guilt for the offense
of aggravated sexual assault of a child. Moreover, on appeal, appellant does not argue that he did
not commit the offense. Instead, appellant asserts that he did not commit the offense on the date
stated in the indictment. The State is not bound by the date alleged in the indictment as long as
the date proved is anterior to the date the State's pleadings were filed and not so remote as to
show that the offense is barred by the statute of limitations. McManners v. State, 592 S.W.2d
622, 623 (Tex. Crim. App. 1980); Wesinger v. State, 775 S.W.2d 424 (Tex. App.--[14th Dist.]
Houston, pet. ref'd). When the indictment alleges that some relevant event transpired "on or
about" a particular date, the date element is specifically proven if the State demonstrates that the
offense occurred both before the presentment of the indictment and within the statutory period of
limitations. Thomas v. State, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988).

 The limitations period for aggravated sexual assault of a child is ten years. Decker
v. State, 894 S.W.2d 475, 479-80 (Tex. App.--Austin 1995, pet. ref'd); Tex. Code Crim. Proc.
Ann. arts. 12.01(2)(D), 12.03(d) (West Supp. 1995). In the instant case, the State presented
sufficient evidence to prove that the offense was committed within ten years prior to the
presentment of the indictment on February 10, 1994. 

 Furthermore, we note that a variance must be material and prejudicial to render the
evidence insufficient to support a conviction for the offense alleged. Human v. State, 749 S.W.2d
832, 837 (Tex. Crim. App. 1988); Hall v. State, 619 S.W.2d 156, 158 (Tex. Crim. App. 1980). 
In evaluating a variance between the pleading and proof, the dual purposes of the requirement that
pleading and proof correspond must be kept in mind, namely, to put the accused on notice as to
the charges against him and to enable him to plead the same in bar of further jeopardy for the
same alleged acts. Human, 749 S.W.2d at 837; Martin v. State, 213 S.W.2d 548 (Tex. Crim.
App. 1948). Thus in order to establish that an alleged variance is material, prejudicial, and hence
fatal, an accused must show surprise or that he was misled to his prejudice by the variance. 
Plessinger v. State, 536 S.W.2d 380 (Tex. Crim. App. 1976); Phillips v. State, 753 S.W.2d 813,
815 (Tex. App.--Austin 1988 pet. ref'd). 

 In the instance case, appellant has failed to allege, argue or prove that the variance
misled him or prejudiced his position. The language of the indictment clearly stated the offense
of which appellant was being charged, the name of the complainant, and an approximate date
within the ten-year statute of limitations. Hence, we conclude that the appellant has failed to show
that the variance was fatal and reject the contention. We find that to the extent a variance may
have existed between the pleading and the proof, it was neither material nor prejudicial. The
point of error is overruled. 



CONCLUSION


 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 7, 1996

Do Not Publish 



YSIS


 In a sole point of error, appellant challenges his conviction by asserting that the
evidence is insufficient to support the jury's finding that he committed the offense as charged in
the indictment, and that a material variance exists between the indictment and jury charge, and
the State's proof. The indictment alleges that the offense was committed "on or about the 28th
day of November, A.D. 1991." The jury charge recites the same date as the date of the offense.
However, the proof offered by the State through the testimony of the complainant and witnesses
to her outcry statement asserts that the offense occurred on or about the eve of Thanksgiving of
1992. 

 The critical inquiry on review of the legal sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). 

 A careful review of the record supports the jury's finding of guilt for the offense
of aggravated sexual assault of a child. Moreover, on appeal, appellant does not argue that he did
not commit the offense. Instead, appellant asserts that he did not commit the offense on the date
stated in the indictment. The State is not bound by the date alleged in the indictment as long as
the date proved is anterior to the date the State's pleadings were filed and not so remote as to
show that the offense is barred by the statute of limitations. McManners v. State, 592 S.W.2d
622, 623 (Tex. Crim. App. 1980); Wesinger v. State, 775 S.W.2d 424 (Tex. App.--[14th Dist.]
Houston, pet. ref'd). When the indictment alleges that some relevant event transpired "on or
about" a particular date, the date element is specifically proven if the State demonstrates that the
offense occurred both before the presentment of the indictment and within the statutory period of
limitations. Thomas v. State, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988).

 The limitations period for aggravated sexual assault of a child is ten years. Decker
v. State, 894 S.W.2d 475, 479-80 (Tex. App.--Austin 1995, pet. ref'd); Tex. Code Crim. Proc.
Ann. arts. 12.01(2)(D), 12.03(d) (West Supp. 1995). In the instant case, the State presented
sufficient evidence to prove that the offense was committed within ten years prior to the
presentment of the indictment on February 10, 1994. 

 Furthermore, we note that a variance must be material and prejudicial to render the
evidence insufficient to support a conviction for the offense alleged. Human v. State, 749 S.W.2d
832, 837 (Tex. Crim. App. 1988); Hall v. State, 619 S.W.2d 156, 158 (Tex. Crim. App. 1980). 
In evaluating a variance between the pleading and proof, the dual purposes of the requirement that
pleading and proof correspond must be kept in mind, namely, to put the accused on notice as to
the charges against him and to enable him to plead the same in bar of further jeopardy for the
same alleged acts. Human, 749 S.W.2d at 837; Martin v. State, 213 S.W.2d 548 (Tex. Crim.
App. 1948). Thus in order to establish that an alleged variance is material, prejudicial, and hence
fatal, an accused must show surprise or that he was misled to his prejudice by the variance. 
Plessinger v. State, 536 S.W.2d 380 (Tex. Crim. App. 1976); Phillips v. State, 753 S.W.2d 813,
815 (Tex. App.--Austin 1988 pet. ref'd). 

 In the instance case, appellant has failed to allege, argue or prove that the variance
misled him or prejudiced his position. The language of the indictment clearly stated the offense
of which appellant was being charged, the name of the complainant, and an approximate date
within the ten-year statute of limitations. Hence, we conclude that the appellant has failed to show
that the variance was fatal and reject the contention. We find that to the extent a variance may
have existed between the pleading and the proof, it was neither material nor prejudicial. The
point of error is overruled. 



CONCLUSION


 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 7, 1996

Do Not Publish