Jimmy Yul BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–98–00336–CR

Court of Appeals of Texas, Austin.

Feb. 11, 1999.

David B. Fannin, Austin, for Appellant.

Ronald Earle, District Attorney, James Adkins, Assistant District Attorney, Austin, for State.

Before Justices JONES, KIDD and DALLY. *

* Before Carl E.F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment.

CARL E.F. DALLY, Justice (Retired).

Appellant Jimmy Yul Brown appeals from his conviction for sexual assault of a child. *See* Tex. Penal Code Ann. § 22.011(a)(2) (West Supp.1999). The trial court assessed appellant's punishment at imprisonment for 19 years. Appellant's points of error relate to the affirmative defense provided by Section 22.011(e) of the Texas Penal Code. We will overrule appellant's points of error and affirm the trial court's judgment.

The indictment alleged that on June 27, 1997, appellant intentionally and knowingly caused his sexual organ to penetrate the female organ of the victim, a child, not his spouse, who was younger than 17 years of age. The statute provides that: "It is an affirmative defense to prosecution under Subsection (a)(2) that the actor was not more than three years older than the victim, and the victim was a child of 14 years of age or older." Tex. Penal Code Ann. § 22.011(e) (West 1994).

The evidence shows that the victim was 15 years three months and 27 days old, and that appellant was 19 years two months and four days old at the time of the offense. Appellant was three years eight months and seven days older than the victim when the offense was committed. Appellant asserts that a defendant is entitled to the affirmative defense throughout the third year and that "it does not matter whether the defendant is exactly three years older or three years and 364 days older." Appellant timely raised this issue in the trial court by requesting a jury instruction and by a motion for a directed verdict, both of which the trial court denied.

Appellant's authority for his contention is *Phillips v. State*, 588 S.W.2d 378 (Tex. Crim.App.1979). In that case, Phillips was convicted of causing bodily injury to a child by criminal negligence. *See* Act of May 22, 1981, 67th Leg., R.S., ch. 604, § 1, 1981 Tex. Gen. Laws 2397 (Tex. Penal Code Ann. § 22.04, since amended). That statute protected children who were "14 years of age or younger." In that case, the victim when injured was 14 years one month and five days old. The Court of Criminal Appeals held that "the statute was intended to protect two distinct groups of children: those who are fourteen years of age and those who are under fourteen." *Phillips*, 588 S.W.2d at 380. Therefore, the statute was held to protect the victim and all children who had not attained their fifteenth birthday. *See id.*

The affirmative defense of Section 22.011(e) refers to both years of time and years of age. In that section, the words referring to the actor, "not more than three years older," refer to a time period of three years and not to the age of the actor. The base point in calculating the three-year time period is the victim's age. In contrast, the words in that section referring to the victim, "14 years of age or older," refer to the victim's age, not a period of time. The statute limits the affirmative defense to a defendant who is not more than three years older than the victim if the victim is 14 years of age and younger than 17 years of age at the time of the offense.

The holding of *Phillips* has no application in calculating the time period of three years for the affirmative defense in section 22.011(e). Appellant was more than three years older than the victim and was not entitled to the affirmative defense he claims. The trial court did not err in refusing appellant's requested charge and in refusing to grant appellant a directed verdict. Appellant's points of error are overruled.

The judgment is affirmed.