TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00274-CR







Terry Lee Decker, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0932340, HONORABLE LARRY FULLER, JUDGE PRESIDING








PER CURIAM


 A jury found that appellant penetrated the anus and female sexual organ of a child
younger than fourteen years of age. Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987
Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987
Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). The district court assessed
punishment at imprisonment for seventy-five years. The sufficiency of the evidence is not
challenged.

 In point of error one, appellant complains of the district court's failure to grant a
mistrial after the prosecutor, during voir dire, effectively told the jurors that appellant had
molested other children. The prosecutor concluded his portion of the voir dire examination as
follows:


 A defendant also has a right to only be tried on one case. In other words,
it doesn't matter what kind of criminal history he has or what other kind of
accusations have or have not been made against him. A child abuse case -- a
defendant could molest every child in the neighborhood and you don't get to hear
about that in any particular case. So don't think because the state doesn't present
other evidence that it's not out there. The law is real strict on what evidence can
be presented to you.


 MR. WESTENHOVER [defense counsel]: Your Honor, I'm going to
object to this voir dire.


 THE COURT: And I am going to shut it down. Disregard the last
statements. We have got to move along and I sustain the objection.



The court called counsel to the bench for a conference outside the jury's hearing. The court
admonished the prosecutor that his remarks were improper but overruled appellant's motion for
mistrial. The court then gave the panel a second instruction to disregard: "All right, ladies and
gentlemen, you will disregard the last comments made by the district attorney. If you don't
remember them, don't ask."

 Appellant argues that the prosecutor's statement, by suggesting to the jury panel
that appellant had committed other criminal acts, was calculated to deny him a fair trial before an
impartial jury. Pennington v. State, 353 S.W.2d 415 (Tex. Crim. App. 1962). Pennington is
distinguishable because the court in that case did not sustain the defendant's objection. Here, the
objection was sustained and the jury was twice told by the court not to consider the prosecutor's
remarks. While the prosecutor's comments were manifestly improper, they were not so
prejudicial as to be incurable by the court's instructions to disregard. Herring v. State, 758
S.W.2d 849, 853 (Tex. App.--Corpus Christi 1988, pet. ref'd). Point of error one is overruled.

 In his second point of error, appellant contends the district court erred by granting
the State's challenge for cause to venire member Joe Wills. Wills indicated during voir dire that
he would not vote to convict a person for sexual assault without physical evidence of abuse. 
Outside the presence of the other panelists, Wills was questioned further by the court and counsel.


 THE COURT: Are you saying, I'm just asking you that if there is no
doctor that testifies as to physical harm, you could not convict?


 MR. WILLS: No.


 THE COURT: Do you want to ask him something?


 MR. WESTENHOVER: All right. Well, if the state proves its case to
your satisfaction, could you vote to convict this man?


 MR. WILLS: If it's proved to my satisfaction.


 MR. WESTENHOVER: And to your satisfaction would just be your
personal opinion and within your conscience?


 MR. WILLS: I don't know.


 MS. DOUMA [prosecutor]: Mr. Wills, you are saying if the state proved
its case to you beyond a reasonable doubt through testimony alone, that would be
not enough for you. You would require that the state go one step further and bring
you physical evidence such as through a doctor's testimony?


 MR. WILLS: Yes.


 . . .


 MR. WILLS: I could not take the girl or boy, whichever the case may be,
their word and I could not take the mother's word on this.


 MR. WESTENHOVER: Judge, I think all he is saying is he is going to
require physical evidence which is his opinion as a juror. And I don't think there
is any law that says that he's not entitled to.



The court granted the State's challenge for cause over appellant's objection.

 Appellant urges that this point of error is controlled by Garrett v. State, 851
S.W.2d 853, 857-61 (Tex. Crim. App. 1993). Garrett was a prosecution for capital murder. 
During voir dire, a venire member stated that he would be unable to affirmatively answer the
punishment issue regarding the defendant's future dangerousness based on evidence of a single
criminal act, no matter how outrageous that act might have been. The State successfully
challenged the venire member on the ground that he was biased against case law holding that the
facts of the case on trial can alone support a finding of future dangerousness. See Tex. Code
Crim. Proc. Ann. art. 35.16(b)(3) (West Supp. 1995). The Court of Criminal Appeals reversed.


There is, of course, abundant case law to the effect that the facts of a capital crime,
if "severe enough," will support a jury verdict of "yes" to the second special issue. 
However, none of the cases requires a particular jury, or an individual juror, to
answer the second special issue affirmatively solely on the facts of that particular
offense.


 . . . [T]hat the law permits jurors to find future dangerousness in some
cases on the facts of the offense alone does not mean that all jurors must do so, or
even consider doing so. A particular juror's understanding of proof beyond a
reasonable doubt may lead him to require more than the legal threshold of
sufficient evidence to answer the second special issue affirmatively. . . . That an
individual venireman would set his threshold of reasonable doubt higher than the
minimum required to sustain a jury verdict [on appeal] does not indicate he has a
bias or prejudice against the law.




Garrett, 851 S.W.2d at 859-60 (footnotes and citation omitted). Appellant urges that the same
reasoning applies in this cause. He contends that while a jury may find a defendant guilty of
aggravated sexual assault based solely on the testimony of the victim and without physical or
medical evidence, this does not mean that all must do so. Appellant argues that Wills, like the
venire member in Garrett, merely indicated that his threshold of reasonable doubt was higher than
the minimum required to support a verdict on appeal.

 It has been said that Garrett concerns only a venire member's bias or prejudice
against the law at the punishment phase of a capital trial. Castillo v. State, 867 S.W.2d 817, 823
(Tex. App.--Dallas 1993, pet. granted). While we express no opinion on that question, we agree
with the Dallas court that Garrett did not overrule a long line of cases holding that a venire
member who is biased against a certain type of legitimate evidence is properly challengeable for
cause under article 35.16(b)(3). Narvaiz v. State, 840 S.W.2d 415, 426 (Tex. Crim. App. 1992)
(would not vote to convict based on circumstantial evidence alone); Caldwell v. State, 818 S.W.2d
790, 797 (Tex. Crim. App. 1991) (would not vote to convict based on testimony of single
eyewitness); May v. State, 738 S.W.2d 261, 271 n.7 (Tex. Crim. App. 1987) (would not consider
accomplice witness testimony). The State is entitled to a jury composed of persons who will
objectively consider the available evidence. Castillo, 867 S.W.2d at 823 (venire member who
would not vote to convict based on testimony by one police officer properly excused pursuant to
article 35.16(b)(3)); see Leach v. State, 770 S.W.2d 903, 907-08 (Tex. App.--Corpus Christi 1989,
pet. ref'd) (venire member who would be "skeptical" of police testimony was biased against the
State and properly excused pursuant to article 35.16(a)(9)). A juror who cannot objectively
consider the State's evidence would, in effect, hold the State to a higher burden than proof beyond
a reasonable doubt. Caldwell, 818 S.W.2d at 797.

 The complaining witness in this cause did not disclose that she had been sexually
assaulted until four years after the acts took place. The doctor who examined the complainant
found no physical evidence of sexual abuse. Wills clearly indicated during his voir dire
examination that he could not find a person guilty of sexually assaulting a child unless the child's
testimony was corroborated by medical testimony describing physical evidence of abuse. Wills
stated that without such medical testimony, he would not vote to convict even if the complainant's
testimony established guilt beyond a reasonable doubt. Because Wills was unable to objectively
consider the testimony of the complaining witness, he would have held the State to a stricter
burden of proof than required by law. The district court did not err by sustaining the State's
challenge for cause. Point of error two is overruled.

 Next, appellant contends the district court erroneously permitted an expert to testify
that the complaining witness's accusations against him were true. The witness in question was
Deanna Garza-Louis, a child and family counselor with expertise in the area of child sexual abuse. 
In her testimony, Louis described various behaviors that are symptomatic of sexual abuse and
explained why children often do not report sexual abuse when it happens. The testimony of which
appellant complains came in response to a hypothetical question. In the question, the prosecutor
asked Louis to assume a set of facts corresponding to those previously described by the
complainant and her mother in their testimony (age of child, circumstances in which alleged acts
took place, behavior of victim, nature of outcry, etc.) and to give her professional opinion
whether those circumstances indicated child sexual abuse. Over objection, Louis stated, "My
opinion would be that the child has probably been abused."

 Expert testimony that a particular witness is truthful, or that the class of persons
to which the witness belongs is truthful, is not admissible under Rule 702. Tex. R. Crim. Evid.
702; Yount v. State, 872 S.W.2d 706, 711-12 (Tex. Crim. App 1993). An expert on child sexual
abuse may, however, describe the common elements or symptoms of child sexual abuse and give
an opinion as to whether the complaining witness manifests those symptoms. Duckett v. State,
797 S.W.2d 906, 917-20 (Tex. Crim. App. 1990). Expert testimony that is otherwise relevant
and admissible is not excludable merely because it corroborates the testimony of another witness
(even if that testimony is unimpeached) or enhances the inferences to be drawn from other
evidence. Cohn v. State, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993).

 Louis testified that, in her opinion, a hypothetical child who engages in the
behavior attributed to the complainant "has probably been abused." We believe Louis's testimony
was comparable to that held admissible in Duckett, in which the expert testified that the
complainant manifested the various symptoms of a sexually abused child. Although Louis's
testimony corroborated the testimony of the complaining witness, it did not constitute a direct
opinion on the truthfulness of the child. No error is presented and point of error three is
overruled.

 Points of error four and five are related. At the close of the State's case in chief,
the prosecutor asked the district court to judicially notice that the indictment in this cause was
returned on May 5, 1993. In point of error four, appellant contends the court fundamentally erred
by failing to instruct the jury that it might, but was not required to, accept the judicially noticed
fact as true. Tex. R. Crim. Evid. 201(g). The court's charge did include this instruction:


 You are further charged as the law in this case that the State is not required
to prove the exact date alleged in the indictment but may prove the offense, if any,
to have been committed at a time prior to the presentment of the indictment so long
as said offense, if any, occurred within 10 years of the date of the presentment of
the indictment. 


 You are further charged as the law in this case that an indictment for
Aggravated Sexual Assault of a Child may be presented within ten years from the
date of the commission of the offense.



The court also instructed the jury that the indictment was not evidence and that "it is only from
the witness stand that the jury is permitted to receive evidence regarding the case." In point of
error five, appellant contends that because no witness testified to the date the indictment was
presented, the evidence is insufficient to prove that the offense was committed prior to indictment
and within the period of limitations.

 The statute of limitations is a defense that is waived unless it is urged by the
defendant in a timely manner in the trial court. State v. Yount, 853 S.W.2d 6, 8-9 (Tex. Crim.
App. 1993). (1) The limitations period applicable to aggravated sexual assault of a child is ten years. 
Tex. Code Crim. Proc. Ann. arts. 12.01(2)(D), 12.03(d) (West Supp. 1995). The indictment in
this cause was marked filed on May 5, 1993, and alleged that the offense occurred on or about
October 1, 1988. Under the evidence, the alleged offense could not have been committed before
November 12, 1987, or after 1992. (2) Doubtlessly because there was no evidence to support it,
appellant did not assert the statute of limitations as a defense, did not request any instruction on
the defense of limitations, and did not otherwise raise the limitations issue in the district court. 
Nevertheless, appellant now argues that the court's instructions to the jury placed on the State the
burden of proving by witness testimony that the prosecution was not barred by limitations. See
Boozer v. State, 717 S.W.2d 608, 610 (Tex. Crim. App. 1984); Benson v. State, 661 S.W.2d
708, 713 (Tex. Crim. App. 1982) (sufficiency of evidence determined in light of charge). 
Appellant argues that the State did not meet this burden because no witness testified to the date
of presentment.

 We are unpersuaded by this argument. The court's instruction with regard to the
date of the offense was essentially informational. The instruction did not, either expressly or by
fair implication, condition a guilty verdict on a finding that the offense was committed before the
indictment was presented and within the ten-year limitations period. Rather than placing an
additional burden on the State, the instruction made it clear to the jury that the State was not
obligated to prove that the offense was committed on the precise date alleged in the indictment. 

 Because the statute of limitations was not asserted as a defense or otherwise made
an issue at trial, it was unnecessary for either party to prove the date of the indictment's
presentment. Although the court judicially noticed the date of presentment, that date was not an
adjudicative fact in this cause and Rule 201(g) did not apply. See 1 Steven Goode, Olin Guy
Wellborn III, & M. Michael Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal
§ 201.1 (Texas Practice 2d ed. 1993) (distinguishing adjudicative, legislative, and "reasoning"
facts). Because neither the law nor the court's charge obligated it to do so, the State was not
required to prove the date of presentment in order to establish appellant's guilt. Points of error
four and five are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: March 1, 1995

Publish

1.   It is not clear from the opinion in Yount whether the statute of limitations is an affirmative
defense or merely a defense. It is clear, however, that all judges agreed that the limitations
defense is waived unless timely asserted. See Yount, 853 S.W.2d at 8 (opinion of Campbell, J.,
for the court: "the defendant must bring the defect to the attention of the trial court in order to
preserve any error"), at 12 n.5 (opinion of Baird, J., concurring: "it is clear from our opinions
today that limitations can be waived if not timely asserted"), and at 15 (opinion of Clinton, J.,
dissenting: "I agree with the majority that limitations presents no jurisdictional impediment to
prosecution. That is to say, unless raised in the trial court in a timely manner, limitations will
not operate to divest the trial court of authority to convict."). 
2.   Appellant was tried in April 1994. The complainant testified that her birthday was
November 12 and that she was then eleven years old. This establishes her date of birth as
November 12, 1982. She also testified that appellant sexually assaulted her when she was five
years old and in kindergarten, and while she was living on Brighton Street in Austin. The
complainant's mother testified that the complainant started kindergarten in the fall of 1988. 
Other evidence establishes that the complainant told her mother about the incidents in 1992,
when they were living in Marble Falls.