TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00269-CR







Robert Stephen Kuehner, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 43,628, HONORABLE OLIVER KELLEY, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated assault and criminal mischief. The jury
assessed punishment for these offenses, third degree felonies at the time of commission, at
imprisonment for three years and a $2500 fine, probated.

 On August 26, 1993, Jack Magee was driving north on Interstate 35 in his sister's
blue Chrysler. Magee testified that as he passed two large tractor-trailers, he saw appellant and
his car, a grey Acura, in the rearview mirror. The Acura was extremely close to the rear of the
Chrysler, and appellant was making obscene gestures and shouting. Although both men were
driving in the left lane, appellant unsuccessfully tried to pass Magee on the left. As soon as he
could do so, appellant swerved into the right lane and pulled even with Magee. Appellant
continued to gesture and shout in an angry manner. He then twice slammed his car into the side
of Magee's vehicle. Magee lost control of his car and began to slide across the highway, striking
the rear of appellant's car as he did so. Magee's Chrysler came to a stop on the right side of the
highway. Appellant's Acura ended up in the grassy area between the north and south-bound
lanes.

 Appellant got out of his car and ran over to Magee. Appellant repeatedly struck
the windows and hood of the Chrysler with his fists, shouting threats and obscenities as he did so. 
When appellant walked away, Magee got out of his car, opened the trunk, and got his pistol. 
When appellant approached him again, Magee, a parole officer, displayed the pistol and his badge
and ordered appellant to stop. The police arrived moments later.

 The drivers of the two tractor-trailers also testified. Their testimony was consistent
with Magee's account.

 According to appellant's testimony, this incident began when Magee cut in front
of him to pass the trucks, forcing appellant to brake in order to avoid a collision. Appellant
honked and flashed his lights, to which Magee replied with an obscene gesture. Appellant
responded in kind. After the two cars completed passing the trucks, appellant moved into the
right lane and attempted to pass Magee. Magee swerved to the right and struck appellant's car. 
Magee repeated this action twice more before both cars left the highway. Appellant testified that
he ran over to Magee's car to prevent him from leaving the scene. He denied striking Magee's
car with his fists. Appellant said Magee pointed the pistol at his head and threatened to kill him.

 Tim Steglich, an investigator for the Bell County sheriff's department, testified that
he made an appointment to interview appellant in Austin. (1) Appellant failed to keep the
appointment. When Steglich called appellant the following day to reschedule the interview,
appellant told him that he had given a statement to his insurance company and that Steglich should
request a copy. The insurance company in turn told Steglich that it would provide him a copy of
appellant's statement only if subpoenaed.

 After the State passed Steglich for cross-examination, defense counsel asked that
the jury be excused. Outside the jury's presence, counsel objected that Steglich's testimony
violated appellant's constitutional right to silence. The prosecutor responded that counsel opened
the door to the testimony during his opening statement to the jury, during which he stated that
appellant had not been allowed to tell his side of the story. The court agreed with the prosecutor,
overruled appellant's objection, and refused appellant's requests for an instruction to disregard
and for a mistrial.

 In two points of error, appellant contends the district court erred by ruling that
counsel's opening statement opened the door to Steglich's testimony and by refusing to declare
a mistrial. In this connection, appellant continues to urge that the testimony regarding appellant's
refusal to speak to the investigator violated the privilege against self-incrimination. 

 We overrule these points of error for two reasons. First, appellant waived any
error by failing to timely object to the challenged testimony. Tex. R. App. P. 52(a); Tex. R.
Crim. Evid. 103(a)(1). Second, the right to be free from compelled self-incrimination under the
Texas Constitution, which is stricter in this regard than the United States Constitution, arises at
the moment of arrest. Sanchez v. State, 707 S.W.2d 575, 579-80 (Tex. Crim. App. 1986). 
Appellant was not under arrest at the time he refused to speak with Steglich. Therefore, testimony
regarding that refusal did not violate appellant's privilege against self-incrimination and the district
court did not err by refusing to declare a mistrial. Under the circumstances, we need not decide
whether a defendant can waive his right to silence in his opening statement to the jury. Points of
error three and four are overruled.

 In his first and second points of error, appellant contends the district court
erroneously admitted opinion testimony by two officers who investigated this incident, Deputy
Sheriff Lynn Brown and Department of Public Safety Trooper Bobby King. Brown and King
were called by the State as rebuttal witnesses after the defense rested. Brown was asked, "[A]fter
you had conducted your investigation, did you make a decision or reach a conclusion as to who
hit who?" Over objection, Brown answered, "After talking to the witnesses and complaining
suspect I made the decision that the defendant was the one that did the intentional act." King
testified that his investigation led him to believe that the collision was not an accident, but an
intentional act. Asked "which individual caused the accident," King answered without objection,
"The subject sitting at the table there (indicating)." We assume this was a reference to appellant.

 Expert testimony that another witness is truthful, or that the class of persons to
whom the witness belongs is truthful, is not admissible under rule 702. Yount v. State, 872
S.W.2d 706, 711-12 (Tex. Crim. App. 1993); Tex. R. Crim. Evid. 702. Citing Yount, appellant
argues that the testimony of the two officers summarized above was nothing more than an
impermissible expression of opinion regarding the relative credibility of Magee and appellant.

 Testimony that is otherwise relevant and admissible is not excludable merely
because it corroborates the testimony of another witness (even if that witness is unimpeached) or
enhances the inferences to be drawn from other evidence. Cohn v. State, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993); Decker v. State, 894 S.W.2d 475, 479 (Tex. App.--Austin 1995, pet.
ref'd). Neither officer was asked to state an opinion regarding the truthfulness of Magee or
appellant. Instead, the officers were questioned about the results of their investigations into this
incident. That their testimony tended to corroborate Magee and impeach appellant did not render
it inadmissible. Compare Yount, 872 S.W.2d at 711-12 (error to permit expert to testify that child
abuse victims are generally truthful), with Duckett v. State, 797 S.W.2d 906, 917-20 (Tex. Crim.
App. 1990) (not error to permit expert to testify that complainant manifested common symptoms
of child abuse). Because the officers' testimony was not inadmissible for the reason alleged,
points of error one and two are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: January 17, 1996

Do Not Publish 

1.   Appellant, a resident of Austin, was not arrested until seven weeks after the incident.


ing his opening statement to the jury, during which he stated that
appellant had not been allowed to tell his side of the story. The court agreed with the prosecutor,
overruled appellant's objection, and refused appellant's requests for an instruction to disregard
and for a mistrial.

 In two points of error, appellant contends the district court erred by ruling that
counsel's opening statement opened the door to Steglich's testimony and by refusing to declare
a mistrial. In this connection, appellant continues to urge that the testimony regarding appellant's
refusal to speak to the investigator violated the privilege against self-incrimination. 

 We overrule these points of error for two reasons. First, appellant waived any
error by failing to timely object to the challenged testimony. Tex. R. App. P. 52(a); Tex. R.
Crim. Evid. 103(a)(1). Second, the right to be free from compelled self-incrimination under the
Texas Constitution, which is stricter in this regard than the United States Constitution, arises at
the moment of arrest. Sanchez v. State, 707 S.W.2d 575, 579-80 (Tex. Crim. App. 1986). 
Appellant was not under arrest at the time he refused to speak with Steglich. Therefore, testimony
regarding that refusal did not violate appellant's privilege against self-incrimination and the district
court did not err by refusing to declare a mistrial. Under the circumstances, we need not decide
whether a defendant can waive his right to silence in his opening statement to the jury. Points of
error three and four are overruled.

 In his first and second points of error, appellant contends the district court
erroneously admitted opinion testimony by two officers who investigated this incident, Deputy
Sheriff Lynn Brown and Department of Public Safety Trooper Bobby King. Brown and King
were called by the State as rebuttal witnesses after the defense rested. Brown was asked, "[A]fter
you had conducted your investigation, did you make a decision or reach a conclusion as to who
hit who?" Over objection, Brown answered, "After talking to the witnesses and complaining
suspect I made the decision that the defendant was the one that did the intentional act." King
testified that his investigation led him to believe that the collision was not an accident, but an
intentional act. Asked "which individual caused the accident," King answered without objection,
"The subject sitting at the table there (indicating)." We assume this was a reference to appellant.

 Expert testimony that another witness is truthful, or that the class of persons to
whom the witness belongs is truthful, is not admissible under rule 702. Yount v. State, 872
S.W.2d 706, 711-12 (Tex. Crim. App. 1993); Tex. R. Crim. Evid. 702. Citing Yount, appellant
argues that the testimony of the two officers summarized above was nothing more than an
impermissible expression of opinion regarding the relative credibility of Magee and appellant.

 Testimony that is otherwise relevant and admissible is not excludable merely
because it corroborates the testimony of another witness (even if that witness is unimpeached) or
enhances the inferences to be drawn from other evidence. Cohn v. State, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993); Decker v. State, 894 S.W.2d 475, 479 (Tex. App.--Austin 1995, pet.
ref'd). Neither officer was asked to state an opinion regarding the truthfulness of Magee or
appellant. Instead, the officers were questioned about the results of their investigations into this
incident. That their testimony tended to corroborate Magee and impeach appellant did not render
it inadmissible. Compare Yount, 872 S.W.2d at 711-12 (error to permit expert to testify that child
abuse victims are generally truthful), with Duckett v. State, 797 S.W.2d 906, 917-20 (Tex. Crim.
App. 1990) (not error to permit expert to testify that complainant manifested common symptoms
of child abuse). Because the officers' testimony was not inadmissible for the reason alleged,
points of error one and two are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Kidd