TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00495-CR







Aaron Moss, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0951289, HONORABLE JON N. WISSER, JUDGE PRESIDING






PER CURIAM


 A jury found appellant, Aaron Moss, guilty of aggravated sexual assault of a child. 
Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by
Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code
Ann. § 22.021, since amended). The jury also found appellant guilty of indecency with a child
by contact. Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen. Laws 3474
(Tex. Penal Code Ann. § 21.11, since amended). The jury assessed punishment for the
aggravated sexual assault at 14 years' confinement and for the indecency by contact at 10 years'
confinement with a recommendation of community supervision. We will affirm the trial-court
judgment.

 By two points of error, appellant complains that the trial court erroneously omitted
an instruction to the jury and that the evidence was insufficient to show that the dates of the
offenses were within the statutory limitations periods. By point of error two, appellant contends
that the evidence is insufficient to show that the offenses occurred within the applicable statutes
of limitations. Appellant contends that based on the charge given and because the victim could
not recall the dates of the offenses, the State was required to provide evidence from the witness
stand about the date the indictment was returned. Appellant argues that in the absence of such
there was insufficient evidence to show the offenses were committed within the limitations
periods.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all of the evidence in the light most favorable
to the verdict, any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820
S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981).

 A charge of aggravated sexual assault and indecency carry a limitations period of 
ten years. Tex. Code Crim. Proc. Ann. arts. 12.01(2)(D), 12.03(d) (West Supp. 1997). The
court's charge instructed the jury in pertinent part as follows:


You are further charged as a part of the law in this case that the State is not
required to prove the exact date alleged in the indictment but may prove the
offense, if any, to have been committed at any time prior to the presentment of the
indictment so long as said offense, if any, occurred within 10 years of the date of
the presentment of the indictment; you are further instructed that the day the
indictment was presented and the day of the offense, if any, occurred, shall not be
computed with the 10 years limitation period.


You are further instructed as a part of the law in this case that the indictment
against the defendant is not evidence in the case, and that the true and sole use of
the indictment is to charge the offense, and to inform the defendant of the offense
alleged against him. The reading of the indictment to the jury in the statement of
the case of the State against the defendant cannot be considered as a fact or
circumstance against the defendant in your deliberations. 


You are charged that it is only from the witness stand that the jury is permitted to
receive evidence regarding the case or any witness therein, and no juror is
permitted to communicate to any other juror anything he may have heard regarding
the case or any witness therein, from any source other than the witness stand. 


 A statute of limitations defense must be raised by the defendant in a timely manner
in the trial court or it is waived. Lemell v. State, 915 S.W.2d 486, 489 (Tex. Crim. App. 1995). 
Appellant failed to assert the statute of limitations as a defense, to request an instruction on the
limitations defense, and to otherwise raise the issue in the trial court. Thus, appellant waived the
defense, and it was not necessary for the State to prove the date the indictment was returned in
order to establish appellant's guilt. Zinger v. State, 899 S.W.2d 423, 433 (Tex. App.--Austin
1995), rev'd on other grounds, 932 S.W.2d 511 (Tex. Crim. App. 1996); Decker v. State, 894
S.W.2d 475, 480 (Tex. App.--Austin 1995, pet. ref'd).

 Even assuming that appellant had raised a limitations defense, the date of filing
noted on the indictment is sufficient evidence of the date the indictment was returned. Zinger, 899
S.W.2d at 433. The trial court properly charged the jury that the offenses alleged carried ten-year
statutes of limitations. The indictment in this case was marked filed March 10, 1995. The
offense dates alleged were "on or about August 31, 1994." The trial began in July 1995. 
Testimony placed the dates of the incidents as occurring sometime between the victim's birthday,
July 19, and Halloween, 1994.

 We hold that a reasonable fact finder could find beyond a reasonable doubt that the
dates of the offenses were within the statutory limitations periods. We overrule appellant's second
point of error. 

 By point of error one, appellant contends that the trial court reversibly erred by
failing to include an instruction to the jury in accordance with Texas Rule of Criminal Evidence
201(g) regarding judicial notice. Pursuant to Rule 201(g), "the court shall instruct the jury that
it may, but is not required to, accept as conclusive any fact judicially noticed." As part of its
proof in the case, the State asked the trial court to take judicial notice that the indictment was
returned on March 10, 1995. Appellant made no objection to the trial court's failure to include
the instruction. Appellant concedes that he must now show that he suffered egregious harm from
the trial court's failure to include the 201(g) instruction. Almanza v. State, 686 S.W.2d 157, 174
(Tex. Crim. App. 1984). Appellant contends that he suffered egregious harm because the jury was
not provided with any guidance about what to do with the judicially noticed fact about the date
of the return of the indictment. We do not agree with appellant that he was egregiously harmed
because of the omission in the jury charge. 

 Egregious harm is not shown when the omission in the charge concerns a defensive
theory not raised by appellant. Zinger, 899 S.W.2d at 434. Because the statute of limitations was
not raised as a defense or otherwise made an issue at trial, it was unnecessary for either party to
prove the date of the indictment's return. Decker, 894 S.W.2d at 480. The court judicially
noticed the date of return, that date was not an adjudicative fact in this cause, and Rule 201(g) did
not apply. Id. We overrule point of error one. 

 We affirm the judgment of conviction. 


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: March 27, 1997

Do Not Publish



ther instructed as a part of the law in this case that the indictment
against the defendant is not evidence in the case, and that the true and sole use of
the indictment is to charge the offense, and to inform the defendant of the offense
alleged against him. The reading of the indictment to the jury in the statement of
the case of th