TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00314-CR






Morris Searcy, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 95-3638, HONORABLE JON WISSER, JUDGE PRESIDING






 Morris Searcy, appellant, was convicted of aggravated sexual assault of a child and
indecency with a child by exposure. Tex. Penal Code Ann. §§ 22.021, 21.11 (West 1994 & Supp.
1997). The jury assessed punishment at fifty-five years' imprisonment and a ten thousand dollar fine for
the aggravated sexual assault count and ten years' imprisonment and a ten thousand dollar fine for the
indecency count. In two points of error, appellant complains of comments made by the prosecutor during
the punishment phase of the trial and challenges the lack of a jury instruction concerning judicial notice. We
will reverse and remand for a new punishment hearing.


FACTUAL AND PROCEDURAL BACKGROUND

 Appellant was indicted in this cause on August 3, 1995. Count I of the indictment
contained four paragraphs, each alleging a different manner and means by which appellant committed the
offense of aggravated sexual assault of a child. Count II of the indictment alleged that appellant committed
the offense of indecency with a child by exposure. Appellant entered a plea of not guilty. After trial, the
jury found appellant guilty on both counts. All charged events occurred prior to April 20, 1990. The
victim, appellant's daughter, was still only ten at the time of the trial. Because appellant's points of error
relate to procedural issues, the details of the evidence of his offenses are not material. Suffice it to say that
several witnesses painted a picture of an abusive and extremely dysfunctional household. Appellant testified
at the guilt-innocence stage of the proceedings, denying the alleged offenses. At the punishment stage, the
State reoffered all the evidence it had introduced during the guilt-innocence stage of the trial. Appellant did
not testify during the punishment phase. Following his conviction and sentencing, appellant filed a pro se
notice of appeal, and his attorney filed a motion for new trial.


DISCUSSION

 In his first point of error, appellant asserts that the trial court erred in overruling an objection
that the prosecutor commented on appellant's failure to testify at the punishment phase of the trial. During
closing arguments in the punishment phase, the prosecutor discussed the three purposes of punishment:
deterrence, rehabilitation, and punishment. In discussing rehabilitation, the prosecutor stated the following:


[PROSECUTOR]: Next you look at rehabilitation. A person cannot be rehabilitated
unless they want to be rehabilitated. Morris Searcy -- you saw him on the stand -- is still
in denial. In some weird way, he thinks he's justified in what he did. How can a person
be rehabilitated when they don't want to be? He's not remorseful. We haven't heard
him say: I'm sorry for the pain that my daughter is going through. I'm sorry that's
she's so upset. We haven't heard that from him. He's concerned about --


[DEFENSE ATTORNEY]: Your Honor, I object to the State commenting on my client's
not testifying at the punishment stage. I think that's highly improper and --


[PROSECUTOR]: Your Honor, I was referring to the guilt/innocence phase of the trial
when he took the stand, and we offered everything during that portion of the trial at this
portion.


THE COURT: All right. I'll overrule the objection.



(Emphasis added.) The prosecutor then moved to a different subject.

 A prosecutor's comment on the defendant's failure to testify offends both the state and
federal constitutions as well as Texas statutory law. U.S. Const. amends. V, XIV; Tex. Const. art. I, § 10;
Tex. Code Crim. Proc. Ann. art. 38.08 (West 1979); Montoya v. State, 744 S.W.2d 15, 34 (Tex. Crim.
App. 1987), cert. denied, 487 U.S. 1227 (1988). This privilege applies at both the guilt-innocence stage
of the trial and the punishment stage, and testimony at the former does not waive the privilege during the
latter. Montoya, 744 S.W.2d at 34. In order to violate the right against self-incrimination, the offending
language should be viewed from the jury's standpoint to determine whether it is of such a character that
the jury would necessarily and naturally take it as a comment on the accused's failure to testify. Id. at 35.

 In Swallow v. State, 829 S.W.2d 223 (Tex. Crim. App. 1992), the defendant testified
during the guilt-innocence stage, but not during the punishment stage. The prosecutor made the following
argument at the punishment stage concerning the type of person who would be worthy of an "average"
punishment within the statutory range:


 First, it would be someone who was minimally intoxicated, mildly intoxicated,
lower on the scale intoxicated. Next would be someone who was young, if you consider
the purposes of a punishment hearing. Somebody who was younger. Someone who was
a first offender, a perfectly clean record. Someone who made a mistake for the first time. 
Somebody who was remorseful for their actions. Someone who admits error.



Id. at 225 (emphasis added). The court of criminal appeals found that while this statement clearly alluded
to the defendant's testimony during the guilt-innocence stage of the trial, it just as clearly alluded to his
failure to testify during the punishment stage: "It is not an either/or situation. The comment necessarily
alluded to both. To the extent it alluded to the latter, it was error." Id. at 226. The court remanded the
cause for a determination of harm. Id.

 The Dallas Court of Appeals has also addressed a similar fact pattern. In Sauceda v.
State, 859 S.W.2d 469 (Tex. App.--Dallas 1993, pet. ref'd), as in the present case and Swallow, the
defendant testified during the guilt-innocence stage, but not at punishment. Id. at 473. During final
argument at the punishment stage, the prosecutor stated: "Did he once express any sorrow to you for what
he had done? Did he say, I knew it was terrible. I should not have been doing it?" Id. Upon objection,
the prosecutor asserted that the comments were meant to refer back to defendant's testimony during the
guilt-innocence stage. Id. Relying on Swallow, the Dallas court held that the comments clearly alluded to
both the defendant's testimony during the guilt-innocence phase and to his failure to testify during the
punishment phase; to the extent of the latter, the comments were held to be improper. Id. The cause was
remanded for a new punishment hearing.

 The State asserts that Swallow may be distinguished factually in that the prosecutor in the
present case stated both before and after the comments in question that she was referring back to
defendant's testimony during the guilt-innocence stage, not to the defendant's failure to testify at
punishment. We do not find this argument persuasive in the present context. The language used by the
prosecutor, while indicating that the comments included reference to appellant's testimony at the guilt-innocence stage, did not unequivocally exclude reference to his failure to testify at punishment. Indeed,
most of the comments of the prosecutor were either in the present tense or were statements that "you
haven't heard him say [this . . . or] you haven't heard that from him," which necessarily connote a
continuing lack of testimony. While the prosecutor may have intended her comments to refer only to
appellant's earlier testimony, we believe the holding in Swallow compels the conclusion that the
prosecutor's words necessarily referred to both the past testimony and the continuing failure to testify during
the punishment phase.

 The State suggests that the decision in Overstreet v. State, 470 S.W.2d 653 (Tex. Crim.
App. 1971), should control here. In that case, the reverse of the present situation occurred: the defendant
testified at the punishment stage of the trial, but not during guilt-innocence. The prosecutor stated in
argument at punishment that "the first great step to rehabilitation is stepping forward and confessing one's
guilt and being ready to take the punishment that is doled out." Id. at 655. The court of criminal appeals
considered whether a jury would necessarily conclude that this was a comment on defendant's failure to
testify during the guilt-innocence phase. Id. The court held that such a conclusion was not necessary and
that the comment was merely in response to the defendant's testimony at punishment. Id. Nonetheless,
we find Swallow and Sauceda to be more on point factually, as well as more recent. Swallow itself
explicitly reversed precedent to the degree earlier cases implied that a reference back to testimony during
the guilt-innocence stage could not also refer to the punishment-stage failure to testify. Swallow, 829
S.W.2d at 226. We hold that the trial court erred in failing to sustain the objection to the prosecutor's
comments.

 Having found error, we must next determine the degree of harm. If the appellate record
in a criminal case reveals error in the proceedings below, the appellate court must reverse a judgment under
review unless the appellate court determines beyond a reasonable doubt that the error made no contribution
to the conviction or punishment. Tex. R. App. Proc. § 81(b)(2). (1) Rule 81(b)(2) requires this Court to
focus on the error and determine whether it contributed to the punishment. Harris v. State, 790 S.W.2d
568, 585 (Tex. Crim. App. 1989). We must examine the source of the error, the nature of the error,
whether or to what extent it was emphasized by the State, and its probable collateral implications. Id. at
587. We are required to focus not on the weight of the other evidence, but rather on whether the error at
issue might possibly have prejudiced the jurors' decision-making. Id. at 587-588.


 The error here violated a mandatory statute and constitutional protections. See Cacy v.
State, 901 S.W.2d 691, 704 (Tex. App.--El Paso 1995, pet. ref'd). Testimony about contrition or
remorse can only come from the accused and, when offered by witnesses other than the accused, is
inadmissible. Thomas v. State, 638 S.W.2d 481, 484 (Tex. Crim. App. 1982). Thus, the prosecutor in
this case, to the degree that her comments referred to appellant's continuing failure to express remorse,
called for testimony that only appellant was in a position to offer. Using appellant's failure to testify as
evidence of the need for greater punishment is precisely the type of argument that Tex. Code Crim. Proc.
Ann. § 38.08 (West 1979) was designed to prevent. See Cacy, 901 S.W.2d at 704. Furthermore, there
was no attempt to cure the prejudicial effect of the prosecutor's comments in the present case, because
the trial court overruled appellant's objection to the comments. Even when courts have sustained similar
objections to prosecutors' comments on defendants' failure to testify and instructed the jury to disregard
such comments, appellate courts have often found such error incurable. See Montoya, 744 S.W.2d at 73;
Sauceda, 859 S.W.2d at 474-475; Lopez v. State, 793 S.W.2d. 738, 741 (Tex. App.--Austin 1990),
pet. dism'd, 810 S.W.2d 401 (Tex. Crim. App. 1991). In consideration of all of these factors, we cannot
say beyond a reasonable doubt that the error here did not contribute to the sentence received. In Sauceda
and Cacy, the courts of appeals remanded for resentencing, and we believe that to be the proper action
in this case as well. Cacy, 901 S.W.2d at 704; Sauceda, 859 S.W.2d at 475. Accordingly, we sustain
appellant's first point of error.


 In his second point of error, appellant asserts that the trial court erred in failing to instruct
the jury in accordance with Tex. R. Crim. Evid. 201(g) regarding judicial notice. Rule 201(g) provides that
"[t]he court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially
noticed." Appellant admits that no objection was made to this failure to instruct at trial, but contends that 
he suffered "egregious harm" because the jury was erroneously instructed as to the proof necessary to
prove up an element of the crime. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)
(holding that when there is no objection to a charge, appellant must show he suffered "egregious harm"). 
The State concedes the failure of the court to provide the jury with this charge, but suggests that such failure
was harmless because defendant failed to raise an affirmative defense of statute of limitations at trial. See
Decker v. State, 894 S.W.2d 475, 480 (Tex. App.--Austin 1995, pet. ref'd). In Decker, this Court
found persuasive the argument that Rule 210(g) did not apply even though the trial court judicially noticed
the date of presentment, because that date was not an "adjudicative" fact where the statute of limitations
was not raised as an affirmative defense. Id. We continue to regard this argument as persuasive and
overrule point of error two.


CONCLUSION

 Because we sustain appellant's first point of error that the trial court erred in overruling
appellant's objection to the prosecutor's comment on appellant's failure to testify at the punishment phase,
we reverse the trial court's judgment as to the sentence imposed and remand the cause to the trial court
for a new sentencing hearing. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1997).



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Reversed and Remanded

Filed: November 6, 1997

Do Not Publish
1. New Rule of Appellate Procedure 44.2(a) contains language similar to old Rule 81(b)(2); the
new rule, however, limits the stated review standard to constitutional error that is subject to harmless error
review. Because commenting on a defendant's right to testify treads on his privilege against self
incrimination, this case involves a right of constitutional dimension and would therefore be subject to the
same standard of review even under the new rule.



the accused, is
inadmissible. Thomas v. State, 638 S.W.2d 481, 484 (Tex. Crim. App. 1982). Thus, the prosecutor in
this case, to the degree that her comments referred to appellant's continuing failure to express remorse,
called for testimony that only appellant was in a position to offer. Using appellant's failure to testify as
evidence of the need for greater punishment is precisely the type of argument that Tex. Code Crim. Proc.
Ann. § 38.08 (West 1979) was designed to prevent. See Cacy, 901 S.W.2d at 704. Furthermore, there
was no attempt to cure the prejudicial effect of the prosecutor's comments in the present case, because
the trial court overruled appellant's objection to the comments. Even when courts have sustained similar
objections to prosecutors' comments on defendants' failure to testify and instructed the jury to disregard
such comments, appellate courts have often found such error incurable. See Montoya, 744 S.W.2d at 73;
Sauceda, 859 S.W.2d at 474-475; Lopez v. State, 793 S.W.2d. 738, 741 (Tex. App.--Austin 1990),
pet. dism'd, 810 S.W.2d 401 (Tex. C