

# NUMBER 13-12-00226-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JORGE LONGORIA,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 357th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Jorge Longoria challenges his convictions for one count of continuous

sexual abuse of M.L., a young child, and for two counts of indecency with a child.[1]  *See*

TEX. PENAL CODE ANN. §§ 21.02(b) (West Supp. 2011), 21.11 (West 2011).  The trial

---

[1] The jury found Longoria not guilty on three other counts.

court assessed punishment at thirty year's imprisonment for continuous sexual abuse of a young child and ten years for each of the other convictions, with the sentences to run concurrently. By his first four issues, Longoria complains that the trial court abused its discretion by admitting (1) hearsay statements of the child through the father's testimony; (2) bolstering-witness testimony; (3) certain expert testimony; and (4) a medical report that contained hearsay. By his remaining four issues, Longoria contends that (5) the trial court failed to include in the appellate record documents that it reviewed *in camera*; (6) his counsel provided ineffective assistance; (7) the jury charge violated his right to a unanimous verdict; and (8) the trial court failed to grant a mistrial on allegations of prosecutorial misconduct. We affirm.

## I. ADMISSION OF EVIDENCE[2]

### A. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision to admit evidence, including expert witness testimony, under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2011); *Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002).

"A timely and specific objection is required to preserve error for appeal." *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008); *see* TEX. R. APP. P. 33.1(a)(1)(A). Appellate arguments must correspond with the objection at trial. *Gallo v. State,* 239 S.W.3d 757, 768 (Tex. Crim. App. 2007). "An objection is timely if it is made as soon as the ground for the objection becomes apparent, i.e., as soon as the defense knows or should know that an error has occurred." *Grant v. State*, 345 S.W.3d 509, 512 (Tex.

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

App.—Waco 2011, pet. ref'd) (citing *Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008)).

## B.    Outcry-Witness Testimony

By his first issue, Longoria contends that the trial court erred in admitting hearsay statements of M.L. through her father, whom Longoria claims was a second, improper out-cry witness.   Longoria argues that the admission of this testimony violated article 38.072, section 2(a) of the Texas Code of Criminal Procedure.   *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a) (West Supp. 2011).   However, Longoria did not object to the father's testimony under either article 38.072, section 2(a) or the general rule against hearsay.   *See Luna*, 268 S.W.3d at 604; *Grant*, 345 S.W.3d at 512; *see also* TEX. R. APP. P. 33.1(a)(1)(A).   Longoria failed to preserve this issue for our review.   We therefore overrule his first issue.

## C.    Bolstering-Witness Testimony

In his second issue, Longoria contends that the State intentionally called M.L.'s mother to attack M.L.'s character for truthfulness in order to precipitate otherwise improper, bolstering-witness testimony later at trial.   Yet Longoria did not object to any witness's testimony on the basis of improper bolstering, such that the trial court was informed of the basis of his complaint.   *See Luna*, 268 S.W.3d at 604; *Grant*, 345 S.W.3d at 512; *see also* TEX. R. APP. P. 33.1(a)(1)(A).   Longoria has not preserved this complaint for our review.   We overrule Longoria's second issue.

## D.    Expert Witness Testimony

In the section of his brief listing the issues presented on appeal and in the opening paragraph of his third issue, Longoria contends that his conviction should be set aside

because expert testimony was introduced in violation of Texas Rule of Evidence 704. *See* TEX. R. EVID. 704 ("Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."). Yet Longoria did not provide record cites for the expert testimony about which he complains. *See McCarthy v. State*, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001); *see also* TEX. R. APP. P. 38.1(i). And although Longoria cited to rule of evidence 704, *Schultz v. State, Jordan v. State*, and *Decker v. State* for general propositions of law related to expert witness testimony, he did not apply his cited authority to the facts in support of his arguments that: (1) the testimony was offered to supplant the determination of the jury and not to aid the jury; and (2) expert Sister Mary Lucy was not qualified to give any testimony because she had never met M.L., yet testified as to the child's demeanor and ultimate believability in violation of Longoria's rights to a fair trial. *See Schultz*, 957 S.W.2d 52, 59–74 (Tex. Crim. App. 1997) (en banc); *Jordan*, 928 S.W.2d 550, 553–54 (Tex. Crim. App. 1996); *Decker*, 894 S.W.2d 475, 479 (Tex. App.—Austin 1995, pet. ref'd) (per curiam). Longoria simply did not provide substantive analysis explaining how any expert testimony in this case is in violation of rule 704 or any other evidentiary rule. *See McCarthy*, 65 S.W.3d at 49 n.2; *see also* TEX. R. APP. P. 38.1(i). We conclude that Longoria's third issue is inadequately briefed and presents nothing for review. We overrule the third issue.

**E.    Strayer's Medical Report**

By his fourth issue, Longoria contends that the trial court abused its discretion when it admitted medical records, which contained representations that were in violation of his Sixth Amendment right of confrontation. Goldie Strayer testified that she

4

conducted a sexual assault examination on M.L. in May of 2009 and prepared a medical report based on her observations. The trial court admitted this medical report over Longoria's hearsay objection. But a hearsay objection does not preserve error on the confrontation clause ground. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (citing *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004)); *see Gallo,* 239 S.W.3d at 768. Claims under the confrontation clause require a timely and specific objection to preserve error. *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010). Longoria has not preserved error on this issue. We overrule the fourth issue.

## II. APPELLATE RECORD

In his fifth issue, Longoria contends that we should set aside his conviction because the trial court improperly failed to include *Brady* materials in the record on appeal. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process whether the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). Although Longoria does not indicate what records the trial court should have included in the appellate record, the State describes the records as notes made by M.L.'s counselor during the summer of 2009.[3] The trial court conducted an *in camera* review of the treatment notes and determined that they were confidential and not subject to disclosure under *Brady*. *See id.* Longoria made a formal offer of proof with regard to these records.

Nonetheless, the complained-of records are not contained in the record on appeal.

---

[3] From our review of the record, the counselor's notes may have also included sessions that were held beginning again in the summer of 2010.

Longoria did not request that these materials be sealed and included in the record. Thus, Longoria has waived any possible error by failing to secure the inclusion of the counselor's notes in the record. *See Villarreal v. State*, 576 S.W.2d 51, 65 (Tex. Crim. App. 1978) (en banc) (determining that the accused waived possible *Brady* error by failing to secure the inclusion of prosecutor's file in the appellate record); *see also Shaw v. State*, No. 03-08-00506-CR, 2009 WL 1896068, at *12 (Tex. App.—Austin July 3, 2009, no pet.) (mem. op., not designated for publication). We overrule this fifth issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his sixth issue, Longoria asserts that his conviction should be set aside because he received ineffective assistance of counsel at trial. Longoria argues that ineffectiveness was demonstrated by the following actions or inactions of his trial counsel:

> (1) fail[ure] to adequately protect [his] rights by insisting on discovery requests; (2) fail[ure] to object to the introduction of expert hearsay evidence in violation of [his] rights; (3) fail[ure] to object to hearsay testimonial statements by the nurse on reports; (4) [actions that opened] the door to the admission of hearsay evidence during the guilt/innocence phase thereby destroying [his credibility] and prejudicing his defense; and (5) fail[ure] to object to hearsay improper statements.

Longoria also asserts that counsel was ineffective because he "never properly objected or sought to a [sic] have a limiting instruction on extraneous evidence [in order to preserve error on appeal] and further did not properly object to the introduction of exhibits that were cumulative." Finally, Longoria complains that counsel's assistance was ineffective because counsel never objected to a nurse's "report that contained findings that were testimonial in nature," an omission Longoria claims was in violation of the principles established in C*rawford v. Washington. See* 541 U.S. 36, 57–60 (2004) (holding that, without exception, testimonial hearsay statements of witnesses absent from

6

trial are admissible over a Sixth Amendment Confrontation Clause objection only where the declarant is unavailable and where the defendant has had a prior opportunity to cross-examine the declarant).

## A. Applicable Law and Standard of Review

A claim of ineffectiveness of counsel requires an appellant to show (1) that counsel's trial performance was so deficient that counsel failed to function as the "counsel" guaranteed under the Sixth Amendment to the Federal Constitution; and (2) that counsel's deficient performance prejudiced the appellant, depriving appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Lopez v. State*, 343 S.W.3d 137, 143–44 (Tex. Crim. App. 2011). An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

"Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'"[4] *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). Appellant must overcome the strong presumption that counsel's conduct was constitutionally adequate, falling within the wide range of reasonable professional assistance, and that his actions could be considered sound trial strategy or the product of a tactical decision. *See Strickland*, 466 U.S. at 689; *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (en banc); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). An allegation of

---

[4] Although Longoria's argument focuses on the prejudice prong of *Strickland*, it is *Strickland*'s first prong that is dispositive of this issue, and so we will only set out the law applicable to counsel's performance and its deficiency, if any. *See* TEX. R. APP. P. 47.1; *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.   *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson,* 9 S.W.3d at 814 n.6.

A reviewing court will not second-guess legitimate tactical decisions made by trial counsel.   *Morales*, 253 S.W.3d at 696.   We cannot speculate beyond the record provided; rather, we must generally presume that the actions were taken as part of a strategic plan for representing the client.   *Young v. State*, 991 S.W.2d 835, 837–38 (Tex. Crim. App. 1999) (en banc).   On a silent record, this Court can find ineffective assistance of counsel only if the challenged conduct was so outrageous that no competent attorney would have engaged in it.   *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

## B.   Discussion

### 1.   Briefing

After setting out general propositions of law regarding ineffective assistance of counsel, except for his allegations regarding testimonial evidence, Longoria directs us to nothing in the record to support his contentions and makes no supporting arguments.   It is not the duty of this Court to search through the record and identify errors.   *See Perez v. State*, 41 S.W.3d 712, 716 (Tex. App.—Corpus Christi 2001, no pet.); *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error.   Were we to do so . . . we would be abandoning our role as neutral adjudicators and become an advocate for that party."); *McCown v. State*, No. 13-00-598-CR, 2001 WL 34394323, at *4 (Tex. App.—Corpus

Christi Aug. 16, 2001, no pet.) ( not designated for publication). Rather, it is Longoria's duty to identify counsel's errors with record citations and to provide supporting arguments in his brief. *See Perez*, 41 S.W.3d at 716; *see also McCown,* 2001 WL 34394323, at *4. An assertion without argument, authority, or citation to the record presents nothing for our review. *See* Tex. R. App. P. 38.1(h); *McFarland v. State*, 928 S.W.2d 482, 512 (Tex. Crim. App. 1996) (en banc) (per curiam); *Perez*, 41 S.W.3d at 716. Except for his contention regarding counsel's alleged failure to object to the admission of testimonial evidence, we conclude that Longoria's general allegations regarding ineffective assistance of counsel are inadequately briefed. *See Perez*, 41 S.W.3d at 716.

### 2. Testimonial Evidence

Regarding Longoria's contention that trial counsel failed to object to testimonial statements contained in Strayer's sexual-assault medical examination report, Longoria claims that he was prejudiced by counsel's failure to object to the findings in this report that were testimonial in nature. More specifically, Longoria asserts that the "testimony of the State's nurse expert witness went beyond a sterile recitation but [was] a subjective narration of events[ ] related to the person's potential guilt." He argues that "[t]hus the introduction of testimony by a nurse which was not subject to cross-examination was in violation of the Defendant's right to confrontation." Longoria claims that counsel "did not have an adequate preparation of the facts surrounding the expert witness and their [sic] reports and as a result prejudicial evidence came in that resulted in a conviction and thus [he] received ineffective assistance of counsel and the conviction should be set aside."

The record here is silent as to why trial counsel failed to object to the testimonial testimony; it does not affirmatively demonstrate the alleged ineffectiveness. *See Bone,*

9

77 S.W.3d at 835; *Thompson*, 9 S.W.3d at 814 n.6.   Longoria could have supplemented the record through a hearing on a motion for new trial, but he did not produce additional information about trial counsel's reasons for allowing testimony regarding Strayer's sexual-assault medical examination report.   *See Lopez*, 343 S.W.3d at 143–44.   So we must presume that counsel's actions were taken as part of a strategic plan for representing Longoria.   *See Morales*, 253 S.W.3d at 696; *Young*, 991 S.W.2d at 837–38; *Jaynes*, 216 S.W.3d at 851.   And Longoria has failed to establish that counsel's performance was defective when he did not object to the hearsay testimonial statements contained in Strayer's sexual-assault medical examination report.   *See Ex parte Napper*, 322 S.W.3d at 246 (quoting *Strickland*, 466 U.S. at 687).   He has not met his burden under the first prong of *Strickland.   See Thompson*, 9 S.W.3d at 813.   Because Longoria failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong.   *See* TEX. R. APP. P. 47.1; *Strickland*, 466 U.S. at 687.   Moreover, nothing in this record suggests that counsel's assistance was so outrageous that no competent attorney would have engaged in it.   *See Goodspeed*, 187 S.W.3d at 392.   We overrule Longoria's sixth issue.

## IV.  UNANIMOUS VERDICT

Longoria asserts by his seventh issue that the trial court failed to instruct the jury properly on the issue of continuous sexual abuse of a young child.[5]   *See* TEX. PENAL CODE ANN. § 21.02(d).   Longoria claims that the trial court denied his requested instruction and violated his fundamental right to a unanimous jury verdict.

---

[5] To the extent Longoria argues sufficiency of the evidence to support this conviction, we conclude that any sufficiency argument has been inadequately briefed.   *See* TEX. R. APP. P. 38.1(i).

10

## A. The Law

A person commits the offense of continuous sexual abuse of a young child if, during a time period of thirty or more days, that person commits two or more acts of sexual abuse against a child. *Id.* An act of sexual abuse means "any act that is in violation of . . . indecency with a child under Section 21.11(a)(1) . . . [or] . . . aggravated sexual assault under Section 22.021." *Id.* § 21.02(c).

On the issue of unanimity, the penal statute provides that the jury is "not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." *Id.* § 21.02(d). And while the jury need not be unanimous on the specific acts of sexual abuse alleged in the indictment, the jury must "agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id.*

## B. Discussion

Count one of the indictment charged Longoria with continuous sexual abuse of a young child under section 21.02 of the penal code. *See id.* It alleged that Longoria committed two or more acts of sexual abuse against M.L. during a period that was thirty days or more in duration, from September 1, 2007 to February 1, 2009. *See id.* The State alleged that, during that period of time, Longoria committed at least two of four acts of sexual abuse referenced in the indictment.

The following paragraph four of the court's charge instructed the jury as to which elements of the offense the jury had to be unanimous in order to find Longoria guilty on court one:

In reference to count I, you are instructed that members of the jury are not

11

required to agree unanimously on which acts of sexual abuse, if any, were committed by the defendant or the exact date when those acts were committed, if any. The jury must agree unanimously that the defendant, during a period that was 30 or more days in duration, committed two or more acts of sexual abuse as that term has been previously defined.

During the charge conference, defense counsel objected to the jury charge on the ground that it invited a non-unanimous verdict and, therefore, violated his constitutional and statutory rights. The trial court overruled his objection.

In *Reckart v. State*, this Court disagreed with the premise underlying Reckart's argument—"that the statute [section 21.02] allows a non-unanimous verdict on each element of the offense." 323 S.W.3d 588, 600 (Tex. App.—Corpus Christi 2010, pet. ref'd). Instead, we concluded that section 21.02 does not allow for a non-unanimous verdict on the essential elements of the offense. *Id.* at 600–01. Our sister courts agree with this conclusion, holding that section 21.02 does not allow for a non-unanimous verdict on the essential elements of the offense and does not violate the unanimity provision of the Texas Constitution. *Render v. State*, 316 S.W.3d 846, 857–58 (Tex. App.—Dallas 2010, pet. ref'd); *see McMillan v. State*, 388 S.W.3d 866, 871–72 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Kennedy v. State*, 385 S.W.3d 729, 731–32 (Tex. App.—Amarillo 2012, pet. ref'd); *Casey v. State*, 349 S.W.3d 825, 829–30 (Tex. App.—El Paso 2011, pet. ref'd); *Martin v. State*, 335 S.W.3d 867, 872–73 (Tex. App.—Austin 2011, pet. ref'd); *see also Perez v. State*, No. 05-12-00377-CR, 2013 WL 4568296, at *5–7 (Tex. App.—Dallas Aug. 26, 2013, no pet.) (mem. op., not designated for publication). Likewise, dispensing with jury unanimity on the underlying acts of sexual abuse does not violate the constitutional right to a unanimous jury verdict. *See Render*, 316 S.W.3d at 857–58; *Reckart*, 323 S.W.3d at 600–01; *see also Perez*, 2013

12

WL 4568296, at *6.

In this case the trial court instructed the jury in accordance with the statute. The charge correctly instructed the jury that section 21.02 did not allow for a non-unanimous verdict on the essential elements of the offense. *See Reckart*, 323 S.W.3d at 600–01; *see also* TEX. PENAL CODE ANN. § 21.02(d). And consistent with section 21.02(d), the charge properly instructed the jury that it did not require the jurors to agree unanimously as to the specific acts Longoria committed. *See* TEX. PENAL CODE ANN. § 21.02(d). We conclude that the charge did not violate Longoria's right to a unanimous verdict, and the trial court did not err in so instructing the jury. We overrule the seventh issue.

## V. PROSECUTORIAL MISCONDUCT

In his eighth issue, Longoria contends that his conviction should be set aside because the trial court failed to grant a mistrial on allegations of prosecutorial misconduct. In support of this issue, Longoria complains that the Victim's Assistance Coordinator allegedly encouraged M.L. to provide an "I don't remember" response when she could not recall certain events or if she got in trouble and to cry so that her allegation of sexual abuse could be more believable to the jury.

"The proper method of preserving error in cases of prosecutorial misconduct is to (1) object on specific grounds, (2) request an instruction that the jury disregard the comment, and (3) move for a mistrial." *Ajar v. State*, 176 S.W.3d 554, 565–67 (Tex. App. 2004) (citing *Penury v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) (en banc) (per curiam); *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (en banc)). In this case, Longoria made no objection on the basis of prosecutorial misconduct in the trial court to the alleged error. By failing to object on this theory at trial, Longoria has

13

preserved nothing for our review. *See Perkins v. State*, 902 S.W.2d 88, 96 (Tex. App.—El Paso 1995, writ ref'd). We overrule Longoria's eighth issue.

## VI. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 17th
day of October, 2013.

14